(75 App. Div. 524.)

PEOPLE ex rel. MEYER v. GOULD, Chamberlain (SMALLEY, Intervener).

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. MONEY IN LIEU OF BAIL—RIGHTS OF DEFENDANT'S CREDITORS.

In a criminal proceeding against F., money belonging to S. was deposited in lieu of an undertaking for F.'s appearance. *Held*, that while, so far as that proceeding was concerned, it was F.'s money, it was not so for any other purpose, and on discharge of F. was not subject to claim of F.'s creditor.

Appeal from special term, New York county.

Mandamus, on the relation of Anna Meyer, against Elgin R. L. Gould, chamberlain of the city of New York. Newton B. Smalley intervened. From an order denying a motion for a peremptory writ (77 N. Y. Supp. 1067), relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Charles Haldane, for appellant.

Thomas C. Campbell, for respondent Smalley.

McLAUGHLIN, J. The relator, in an action commenced in the city court of the city of New York, recovered a judgment for upwards of $1,000 against Mary Elizabeth Fieroe, the defendant therein named,—moneys alleged to have been stolen by the defendant from the plaintiff. Prior to the commencement of that action, the defendant, Fieroe, was indicted for grand larceny in the first degree, and was admitted to bail in the sum of $1,000, in lieu of which the respondent Smalley deposited with the city chamberlain $1,000, taking from him the following receipt:

"This is to certify that Newton B. Smalley, Plainfield, New Jersey, for the defendant above named, has deposited with the chamberlain of the city of New York this day the sum of ten hundred dollars, the sum mentioned in said order as security for said defendant's appearance pursuant to the said order, instead of said undertaking of bail, pursuant of section 586 of the Code of Criminal Procedure."

After such deposit had been made, the relator, as the plaintiff in the action which she had brought against Fieroe, procured a warrant of attachment, and attempted to levy upon the same. Subsequently Fieroe was brought to trial, and, the jury having disagreed, an order was made discharging her and canceling the undertaking which she had given, and also directing that the money deposited be returned to her. Before such return had been made, the relator in the action brought by her recovered a judgment, upon which execution was issued, and a levy attempted to be made upon such money. The chamberlain refused to deliver the money to the sheriff, and thereupon the relator applied for a peremptory writ of mandamus to compel him to do so. The respondent Smalley intervened, and asked that the chamberlain be directed to deliver the money to him; and, in addition to the receipt which he took from the chamberlain at the time he deposited the money with him, hereinbefore referred to, he showed that prior to the making of the application, and after Fieroe had been discharged in the criminal proceeding, and her undertaking canceled, she had given to him the following order, which had been served upon the chamberlain:

"April 12, 1902.

"To the City Chamberlain of the City of New York—Sir: My undertaking to appear for trial before the court of general sessions of the county of New York was on this day discharged by order of the Hon. Joseph E. Newburger, who directed that the $1,000 deposited by Newton B. Smalley to secure my attendance at court should be refunded to him. As the said money was deposited by the said Newton B. Smalley to secure my liberty, and as I have not now, and never have had, any ownership in the said money, you are hereby directed to pay the said money to the said Newton B. Smalley, or his order. Mary E. Fieroe."

He also showed by his own affidavit, as well as by the affidavit of Fieroe,—and the fact was not contradicted,—that the money deposited in fact belonged to him. Both applications were denied, and the relator has appealed.

We are of the opinion that the relator's application was properly denied. The fact that the money deposited actually belonged to Smalley is not disputed, nor is it disputed that such deposit was made by him in lieu of the undertaking required in the criminal proceed-

ing. So far as that proceeding was concerned, it was Fieroe's money (People v. Laidlaw, 102 N. Y. 582, 7 N. E. 910), but it did not make it her money for any other purpose. Title to property can only be acquired by consent of the owner or by operation of law. Her creditors could not, by reason thereof, deprive the actual owner of it. The money in fact belongs to Smalley, and the court should, upon the facts presented, have granted his application, by directing the chamberlain to pay it to him. It is his money, and he is entitled to it. He, however, is apparently satisfied with the order, inasmuch as he has not appealed from it. The relator has no interest in it, and, that being so, certainly was not injured by the order made.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.