## FIRST NATIONAL BANK OF OKMULGEE v. WISDOM et al.

No. 12747—Opinion Filed Feb. 19, 1924.

### Bail—Cash Deposit by Third Person—Garnishment by Creditor of Defendant.

Defendant made penal bond in cash, same being furnished and belonging to intervener. Defendant performed the condition of such bond, there being no forfeiture. Held, that as between defendant and intervener, the money deposited belonged to the latter and cannot be taken by defendant's creditors on garnishment or otherwise.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

First National Bank of Okmulgee had judgment against C. C. Wisdom, having garnished cash bail bond as the property of Wisdom. Walter Jones intervened, claiming the fund. Judgment for intervener. Plaintiff appeals. Affirmed.

Geo. C. Beidleman, Eldon J. Dick, and Joseph I. Pitchford, for plaintiff in error.

J. M. Springer and M. A. Dennis, for intervener.

Opinion by ESTES, C. Parties appeared in the trial court in the same order as here. Plaintiff bank had judgment for about $5,000 against defendant Wisdom for negotiating fraudulent securities to plaintiff. In the same proceeding, plaintiff garnished $1,000 in the hands of a justice of the peace as the property of Wisdom, who disclaimed any interest in said fund. Jones intervened, and on verdict of jury had judgment for said $1,000 and a court order requiring

the court clerk to pay same. Plaintiff appeals.

In the matter of negotiating such worthless securities to plaintiff, defendant Wisdom was informed against. His attorney procured from Jones the $1,000 in controversy and deposited same with the justice of the peace, as bail, on agreement with the county attorney, to prevent the incarceration of Wisdom. Soon thereafter a grand jury convened, by reason whereof said justice lost jurisdiction. Thereupon, it was agreed that said fund be deposited with the court clerk as bail to prevent the incarceration of Wisdom on indictment. The superior court made an order accordingly, although the said justice continued to hold said fund until ordered to pay same to the court clerk in the instant case. Wisdom made no default and there was no forfeiture on his bond in the criminal case. The court instructed the jury, in substance, that if they found that said fund had been advanced by defendant Jones for the sole and only purpose of serving as bail bond for defendant Wisdom, since the bond had not been forfeited by the failure of Wisdom to comply with its terms, the jury should find for Jones. Plaintiff assigns this as error.

Section 2925, Comp. Stat. 1921, provides:

"A deposit of a sum of money mentioned in the order admitting to bail, is equivalent to bail, and upon such deposit, the defendant must be discharged from custody."

This statute authorizes cash bail, but has no reference to the rights of third parties in the fund when the bond is exonerated. As between Jones and the state, said fund belonged to defendant Wisdom. As between Jones and defendant, said fund belonged to Jones. When the penal bond was discharged, the state had no rights whatever in said fund. In 6 C. J. 1025, it is said that:

"As between the accused and the one making the deposit, the money deposited belongs to the latter and cannot be assigned by the accused, or be taken by his creditors or other third persons."

In Mundell v. Wells et al. (Cal.) 184 Pac. 666, in a similar contest, under statute, after half of the bail was applied to payment of fine, the surplus remaining was adjudged to be the money of the party who put it up, and not to belong to defendant's judgment creditor, seeking to attach it. Campbell v. County Board of Commissioners, of Reno County (Kan.) 154 Pac. 257; Wright & Taylor v. Dougherty et al. (Iowa) 115 N. W. 908.

Plaintiff relies on Whitaker v. State, 31 Okla. 65, 119 Pac. 1003. That case is clearly distinguishable in that the bond was forfeited. In that case it is said that the bond money must be conclusively presumed to be the property of the prisoner and deposited as his by whomsoever deposited, though the money actually belonged to another. This was true in that case, and is the rule in any case where there is a forfeiture.

The judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.