FARRELL v. MENNEN CO., et al.

No. 7461.   Decided August 31, 1951.   (235 P. 2d 128.)

See 63 C. J., Trade-marks, trade-names and unfair competition, sec. 243. Trade-marks and trade-names, generic terms as affecting exclusiveness. 52 Am. Jur., Trade-marks, Trade-names, and etc., sec. 26; 115 A. L. R. 1244.

*Raymond R. Brady, John Hays O'Donnell,* Salt Lake City, for appellant.

*Ray, Rawlins, Jones & Henderson,* Salt Lake City for respondents.

McDONOUGH, Justice.

Plaintiff sued to enjoin defendants from selling a skin lotion under the trade-name of "Skin Bracer." From a judgment of dismissal of the action predicated on failure to state a cause of action, plaintiff appeals.

Plaintiff alleged that The Mennen Company as the manufacturer of a skin lotion known as "Skin-Bracer" had distributed such skin lotion in the State of Utah, and is now distributing the same; and that the other defendants have been and now are engaged in the distribution and sale of said skin lotion under the trade-name of "Skin Bracer." Plaintiff further alleged that he has been and now is

"engaged in the extensive and profitable business of manufacturing and selling, wholesale and retail, a certain hair tonic and skin lotion in the state of Utah which is an original formula conceived by plaintiff;"

and that he has been and is now selling said hair tonic and skin lotion throughout the state under the trade-name of "Brace for the Hair, A Real Bracer for the Hair;" that he registered said trade-name in the state of Utah on August 31, 1925; that plaintiff has acquired a good will of great value in said business under said trade-name; that defendants, by using the trade-name of "Skin Bracer" for their skin lotion, have adopted and are using a trade-name so familiar to the trade-name used by plaintiff that defendants have thereby appropriated to their own use the good will of plaintiff's business and have

"deluded the plaintiff's customers and the public in general into the belief that the product manufactured and sold by plaintiff and the product sold by defendants are one and the same article;"

and that if defendants continue to sell the skin lotion under the trade-name using the word "Bracer," the customers and prospective customers of plaintiff and the public generally will be deceived and defrauded into believing that the article sold by defendants is the same article manufactured and sold by plaintiff; and that after repeated demands to cease doing so, defendants continue to sell their product under the name of "Skin Bracer" and such conduct results in "much confusion in plaintiff's said business," and that unless restrained, defendants will continue to carry on their

business of selling a skin lotion under a trade name which encroaches on the registered trade-name of plaintiff.

This case arose prior to the new Rules of Civil Procedure, and the court sustained a general demurrer, and upon refusal of plaintiff to plead over, an order was entered dismissing the action.

The complaint fails to state facts sufficient to constitute a cause of action, and under the new Rules of Civil Procedure, Rule 12(b) (6), the complaint fails to state a claim upon which relief can be granted. One principal defect in the complaint is the failure to allege that plaintiff's use of the trade-name allegedly infringed was established prior to any use in the same competitive area of the alleged similar trade-name of defendants. Section 95-1-6, U. C. A. 1943. See 52 Am. Jur., Trade-Marks, etc., § 24. This omission could have been cured, perhaps, by amendment.

The basic question is whether the registered trade-name of plaintiff is being infringed, assuming for the purpose of discussing such question that plaintiff had established a use prior to the time any of the defendants commenced selling a product under the trade-name of "Skin Bracer."

The one word common to the trade-name of both plaintiff and defendants is "Bracer." Defendants contend that plaintiff could not acquire the exclusive right to use such word. Plaintiff's trade-name admittedly uses such word as a part of a combination of words, which defendants contend to be descriptive of plaintiff's product, and which does not have trade-name significance standing alone. The product distributed by defendants is sold under a trade-name consisting of two words only: "Skin Bracer." The word "skin" is not used in the registered trade-name of plaintiff, and the word "Bracer" is used in such combination as

to refer exclusively to the hair. The facsimile of the registered trade-mark is:

"Brace For The Hair
"A Real Bracer for the Hair
"Alcohol 15%
"Formulated and produced by Wm. Farrell, Hair Specialist."

The trade-mark specified is "A Real Bracer for the Hair."

While plaintiff admits that words in common use may not be, adopted as a part of a trade-name or trade-mark so as to exclude use by others, he contends that the word "bracer" is an obsolete word no longer in general use, and that such a word may be so adopted. In his brief he refers to definitions of the word "bracer" found in several standard dictionaries, which indicate that the use of the word to denote a tonic or stimulant is obsolete. His contention is that since a word not in general use may be adopted as a trade-mark or as a part thereof, by using the word "Bracer" to name or describe a hair tonic, he has appropriated the word so that it may not be used in the competitive area by any one dealing in a tonic or lotion for the skin or scalp. It is to be observed that from the facsimile of the trade-mark or trade-name, the name of the product manufactured by plaintiff appears to be "Brace for the Hair," and not the phrase written thereunder, "A Real Bracer for the Hair."

It seems clear to us that the last quoted phrase is used to describe something. What it describes is what is called a "brace for the hair." Certainly, "A Real Bracer for the Hair" means that plaintiff is representing to the public that he has a genuine as distinct from a counterfeit or imitation "bracer for the hair." What plaintiff in effect argues is this: The word "Bracer," since it is obsolete, could have no meaning to the general public in describing the qualities or function of the preparation in which it is used. Hence, it may be and has been exclusively appropriated by defendant as a trade-name. Yet, the very manner in which he has

used it in connection with the name of the product which he manufactures, is, evidently to impress the public with its genuineness as a stimulant or tonic for the hair. In the alternative, the phrase alluded to, must have been used to convey an entirely different thought, for as shown by dictionary definitions cited by defendant, the word "bracer" also means "that which braces, binds or makes firm, strengthens, steadies."

It is patent, however, that plaintiff used the word in his alleged trade-name in its obsolete sense, as a "stimulant" or as a "tonic." This being true, it must be emphasized as defendants point out in their brief, that it is the particular modus in which "bracer" is and has been used by plaintiff, as a part of the phrase, "A Real Bracer for the Hair," which is controlling significance. Defendants state their position succinctly in their brief as follows:

> "In commenting on an exception to the general rule that a word, generic or descriptive of the product, cannot be appropriated exclusively, appellant assumes that his alleged trade-mark is simply the word 'bracer' and proceeds to cite authorities to show that such a word may become a valid trade-mark when through long and exclusive use as a trade-name or mark it has acquired a secondary meaning, indicating to the public the source of the product. We do not dispute this exception to the general rule. Respondents did not below, and do not now contend that if appellant had used the word 'bracer' by itself, in a trade-mark sense to denote the source rather than some claim of functional merit of the product, it could have acquired a secondary meaning and thus become valid as a trade-mark or trade-name. But appellant elected to use 'bracer' in a phrase and in such a manner that on the face of his alleged trade-mark 'A Real Bracer For The Hair' the word 'bracer' has only a descriptive meaning. Therein lies the basic distinction between the present case and those relied upon by appellant."

We adopt the foregoing and hence find it unnecessary to refer to and distinguish the numerous cases cited by plaintiff in support of his position relative to the secondary meaning of a word or combination of words.

Plaintiff, however, strenuously argues that nevertheless, in the light of certain allegations of his complaint, defendants' demurrer should have been overruled. He refers to the averments of his complaint to the effect that the public has been and will continue to be misled by defendants' use of the trade-name "Skin Bracer." This argument overlooks the general rule of pleading that general allegations in a complaint are controlled by specific allegations. As pointed out in 2 Nims, Unfair Competition and Trade-Marks, sec. 315, page 1009:

"The general allegations in a bill are controlled by the specific allegations so that where the latter show that a name is not used by plaintiff in a distinctive sense and has not acquired a secondary meaning but on the contrary is used in a descriptive sense, the complaint will be dismissed even though there may be general allegations to the contrary."

To the point in the instant case is the following rule set forth in the same section of Mr. Nims' work, at page 1009:

"A complaint, the averments of which are sufficient to charge imitation of plaintiff's product and the deception of the public thereby is insufficient where exhibits attached to it show such dissimilarities that the public could not be misled thereby into believing defendant's product was that of plaintiff's."

Said text statement is supported by the cited case of *Scudder Food Products* v. *Ginsberg*, 21 Cal. 2d 596, 134 P. 2d 255, adopting opinion in Cal. App., 126 P. 2d 674.

It seems abundantly clear from the facsimile of the trade-name or trade-mark of plaintiff as set forth in the complaint, as well as from what has been said hereinabove relative to the descriptive sense in which the phrase is used, together with the manufacture's name, that the public could not be misled by defendants' use of their trade-name. The fact, if it be a fact, that some careless person or one lacking a reasonable sence of discrimination, might conceivably fail to distinguish between the two pro-

ducts, is not a sufficient basis upon which to found an infringement. It must be remembered that plaintiff claims no infringement on the basis of similarity of labels or arrangement of letters or design in such manner as to create confusion, such as was involved in *Hi-Land Dairyman's Association* v. *Cloverleaf Dairy*, 107 Utah 68, 151 P. 2d 710. As stated in 52 Am. Jur., Trademarks, Tradenames, etc., sec. 128, page 600:

"* * * The general rule is that an infringement exists if, but only if, the resemblance is so close that it deceives, or is likely to deceive, a customer exercising ordinary caution in his dealing, and induces him to purchase the goods of one manufacturer in the belief that they are those of another. Similarly, in cases of unfair competition, while the requisite degree of resemblance or similarity between the names, brands, or other indicia is not capable of exact definition, it may be stated generally that the similarity must be such, but need only be such, as is likely to mislead purchasers of ordinary caution and prudence, or in other words, the ordinary buyer, into the belief that the goods or wares are those, or that the name or business is that, of another producer or tradesman. * * *"

In view of the specific allegations of the complaint and the modus in which the word "bracer" is used, the trial court properly sustained the demurrer to the complaint and upon refusal of plaintiff to amend timely, dismissed the action as to the defendants who made an appearance.

One contention of plaintiff remains to be considered. The order of dismissal operates to dismiss the complaint and the action as to all of the named defendants. However, it appears that two of the defendants were not served with process and made no appearance. Hence, the plaintiff argues that the court erred in dismissing the action as to such defendants. The plaintiff is technically correct, since under Section 104-5-1, such defendants not served might subsequently be served.

In the light of the holding herein, it is doubtful whether plaintiff will find it profitable to pursue the action against

such defendants. However, he may desire to amend his complaint and do so. The action was improperly, and doubtless inadvertently, dismissed as to such defendants who were not served. The order dismissing the complaint and the action as to those defendants, must be set aside.

The judgment dismissing the action as against the two defendants not served is set aside. The judgment in favor of other defendants, respondents herein, is affirmed. Costs to respondents.

WOLFE, C. J., and WADE and CROCKETT, JJ., concur.

HENRIOD, J., not participating.