## SEAMONS v. ANDERSEN, et al.

No. 7691.   Decided December 23, 1952.   (252 P. 2d 209.)

See 35 C. J. S., Factors, sec. 49. What constitutes a conditional sale. 47 Am. Jur., Sales, sec. 828; 175 A. L. R. 1366.

*George D. Preston,* Logan, for Andersen & Andersen.

*Harvey A. Sjostrom,* Logan, for Petersen.

*Bullen & Olson,* Logan, for Nielsen & Bitters.

*Newell G. Daines,* Logan, *L. DeLos Daines,* Salt Lake City, for Seamons.

McDONOUGH, Justice.

This was an action for a money judgment upon a conditional sales contract covering the sale of a 1948 Mercury automobile. Trial was held before a judge with special interrogatories being submitted to an advisory jury. Since all of the parties counter- or cross-complained and cross-appealed from the judgment of the lower court, a rather detailed narration of facts is necessary.

Ray Bitters and Clayton Nielsen sold automobiles obtained on a consignment basis under the trade name and style of Valley Car Market. Whether their relationship was one of partnership or employer and employee is one of the issues raised upon this appeal. Richard Petersen, desiring to sell his 1948 Mercury for about $2,000, delivered the car to Nielsen who sold the car to Larry and Hans P. Andersen. Andersens were to be allowed $425 for a 1938

Packard trade-in; were to pay off a post-dated check in the amount of $267 within 30 days; and were to obtain $1,400 from a finance company. These terms were ratified by Petersen, who was to obtain $1,950, and the balance was to go to Valley Car Market as commission. The $1,400 was obtained from the Commercial Credit Corporation through a conditional sales agreement executed between the Andersens and Nathan Seamons who was to reimburse Commercial Credit Corporation in case of Andersen's default. Petersen received $1,300 of $1,400 ($100 being retained by Valley Car Market as commission.) He also received $100 out of a $150 payment made by Andersen on the postdated check ($50 likewise being retained by Valley Car Market as commission.) Before the first payment was due to the finance company, Andersen found he could not meet the payments and returned the Mercury to Valley Car Market. Nielsen then represented to Petersen that Andersen needed the title in order to obtain license plates. Petersen endorsed the certificate of title and delivered it to Nielsen who delivered it to Seamons who subsequently placed his notary seal upon it. Seamons repossessed the Mercury and the parties entered into negotiations to effect some settlement of their various differences. During one of these meetings Petersen noticed the unauthorized seal upon the certificate of title and slipped the title certificate into his pocket. No agreement being reached, the Mercury was sold under a court order for $950 and Seamons brought this action to collect $567 which, when added to the $950, equals the $1,517 that Seamons was required to pay Commercial Credit Corporation. Approximately a year and a half elapsed between the time of repossession and the time action was brought. During this period the plaintiff Seamons drove the Mercury approximately 7,000 miles. The Packard, which was turned in on the Mercury by Andersen, was sold for $300, plus a Chrysler trade-in valued at $150, but which was later sold to Seamons under a court order for $25. The Chrysler trade-in was anauthorized by Petersen and he never received the Chrysler or the $300.

The lower court awarded Petersen judgment against Nielsen and Bitters, jointly and severally, in the sum of $300 and against the Andersens, jointly and severally, in the sum of $117, and against Seamons in the sum of $25, the sale price of the Chrysler car. Seamons was awarded the title to the Mercury and no other judgment. Andersens appeal and all parties cross-appeal. The primary assignment of error by all parties is in respect to the court's findings of fact. Hence, if there is any competent evidence supporting such findings we cannot disturb them. *Buckley* v. *Cox,* 122 Utah 151, 247 P. 2d 277; *Norback* v. *Board of Directors,* 84 Utah 506, 37 P. 2d 339; *Jensen* v. *Gerrard,* 85 Utah 481, 39 P. 2d 1070. The issues will be considered in the order they are raised.

On appeal Andersens contend the court erred in entering a judgment against them and in favor of Petersen for the balance of $117 due on the postdated check. They maintain that no cause of action was alleged against Andersens by Petersen, and the amendment including Andersens in the prayer for relief was error which did not correct this fundamental deficiency. The prayer, as amended by the court, asked for judgment against plaintiff Seamons, Nielsen and Bitters, "and said Larry D. Andersen and Hans P. Andersen" jointly and severally in the sum of $550 with interest. The prayer also petitioned "for such further relief as the equities of this cause is justified." For cause of action, Petersen cross-complained "against Larry D. Andersen (and) Hans P. Andersen" and after laying the basic facts as to the transaction with respect to the other parties, alleged

"that said Andersens were put into possession of said car under some kind of agreement or agreements with Valley Car Market the exact nature of which this cross-complainant has insufficient knowledge of; that whatever the said agreement was cross-complainant alleges that it evidently was not consummated"

and the car was repossessed by plaintiff, resulting in the loss of the car or of the sum of $550 to the cross-complainant.

Rule 8(a), U. R. C. P. 1950, states that for a pleading to set forth a claim for relief it

"* * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled."

Cross-complainant's "cause of action" does not fill the first requirement of ·Rule 8(a) and hence, technically, a cause of action based on the postdated check was not alleged by Petersen against Andersen. The record reveals, however, that Andersen agreed to pay an additional $117 irrespective of the check and without reference thereto in consideration of Nielsen's cancellation of the prior agreement. Such evidence supports the court's finding that Andersens did owe this amount and that such amount was due to Petersen as a down payment on the Mercury—Nielsen being a mere conduit in the matter. The failure of the trial court to fully amend the pleadings to this effect is non-prejudicial in view of Rule 15(b), U. R. C. P. 1951, which provides

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Cross-appellants Nielsen and Bitters contend that the lower court erred in (1) awarding judgment against them jointly and severally in favor of Petersen in the sum of $300; and (2) in finding that they operated the Valley Car Market as partners. The award of $300 was based upon the court's finding that the Packard which was traded in on the Mercury was later sold to

George Darley for $300 plus a Chrysler trade-in valued at $150—which agreement, in respect to the Chrysler, was unauthorized by Petersen. This finding is supported by the conditional sale agreement executed by Darley and introduced into evidence by defendant Petersen. It is admitted by Valley Car Market that none of this amount was ever turned over to Petersen. The issue thus becomes whether the Packard—accepted at a value of $425—is to be considered as a fraction of the $1,950 which Petersen was to receive for the Mercury, or whether Petersen is to receive actual money in the amount of $1,950 before full satisfaction is had under the agreement with Valley Car Market. The court, in proposing interrogatories to the jury, inquired

"Was Richard Petersen, by agreement with the Valley Car Market to receive $1,950 for his Mercury regardless of what the Packard sold for from said Valley Car Market?"

The jury answered "No" and the record reveals that both Petersen and Nielsen understood that Valley Car Market was to act as selling agent only; that Valley Car Market was not a purchaser or guarantor of any price thereon; that the sales proposition with Andersen was fully explained to Petersen including the trade-in allowance of $425 placed upon the Packard; that Petersen agreed to and ratified the agreement but desired Valley Car Market to retain and sell the Packard as quickly as possible so that he might obtain his money therefrom. It is evident from these facts that Petersen acepted the Packard in lieu of $425, and that any further transaction on such Packard became separate and independent of the original sale and agreement. Petersen, however, is entitled to the $300 and the Chrysler or value thereof, received for the Packard. This was the decision of the lower court in its judgment awarding $300 to Petersen as against Nielsen and Bitters, and its award of $25 (the value of the Chrysler when sold upon court order) against Seamons (who purchased the Chrysler under the court order.)

In respect to cross-appellants' second assignment of error, Nielsen and Bitters contend that Bitters owned the Valley Car Market and that Nielsen was merely an employee. The record reveals that the land upon which the business was situated was rented by Bitters from a third party; that Bitters started the business and included Nielsen shortly thereafter; that there was no fund or bank account belonging to the business, but that Nielsen and Bitters used their individual accounts for any transactions; that periodically they made an accounting with each other, paying the expenses and splitting the net profits—40% to Nielsen and 60% to Bitters. A reserve fund, contributed to by both parties, was established to offset any losses. Such evidence is sufficient to support a finding of co-partnership despite denial thereof. However, since the record reveals that both Bitters and Nielsen had knowledge of and were involved in the transactions to an extent that a judgment against them jointly and severally would be proper, a finding of partnership, even if in error, is non-prejudicial and is not grounds for reversal of the judgment below.

Cross-appellant Seamons contends the court erred in finding (1) that Petersen was the owner of the Mercury and entitled to possession or payment; (2) that Seamons knew of an agreement between Petersen and Valley Car Market whereby Petersen was to retain title until paid; and (3) in concluding that by retention of the Mercury after repossession and by operating the Mercury approximately 7,000 miles had waived his right to a personal judgment against any party.

As to the first contention, the record reveals that Petersen retained the title until it was obtained from him by Nielsen under the pretense of taking it to obtain license plates for Andersen; that Petersen refused to have it notarized, believing that he was not passing title until it was so notarized; that Petersen would readily have passed title upon receipt of payment for the car, but that such payment

was never completed. Such facts are sufficient to support the finding that Petersen owned the car until he parted with such ownership and that a transfer of ownership could be effected if and when he received payment of the purchase price.

As to plaintiff's second contention, the jury found that Seamons and Loveland knew of the terms of the original verbal agreement between Petersen and Valley Car Market covering the Mercury car within a day or so of that transaction. The record reveals that the $1,400 ■ finance money was obtained through the auspices of plaintiff; that the title was obtained by Nielsen from Petersen upon the pretense of obtaining license plates; that such title was turned over to Seamons; and falsely notarized by Seamons; that similar transactions had been handled for Valley Car Market in a similar manner by Seamons. Plaintiff testified on cross-examination that he "went into" deals before any money was ever advanced on cars, that they had a "good understanding" about the details before any loans were made; that Valley Car Market had handled deals for him previously and he knew their method of operation. From these facts the court might well find that plaintiff knew the terms of the agreement before financial assistance was arranged, and that he acted in relation to the car in violation of such terms.

In respect to plaintiff's third contention the jury found that the Mercury had been driven by the plaintiff some 7,000 miles from the date of repossession till the date of this action. The record reveals that some 7,000 miles had been added to the speedometer after plain- ■ tiff repossessed the car; that plaintiff failed to bring any action to clear the title so he could sell the car; that he had possession of the automobile and drove it as his own for approximately one and one-half years; that various persons had seen plaintiff driving the automobile; that the automobile was seen parked in front of plaintiff's home, place of business, and at various places around town; and

that in effect plaintiff used it as his own. The rapid depreciation of automobiles is a well known actuality and plaintiff, being a dealer, was certainly aware of this fact. His use of the automobile over such a period of time without any attempt to rectify the situation supports the conclusion that plaintiff waived his right to a personal judgment against any party to this action.

Respondent and cross-appellant Petersen contends the lower court erred in limiting his recovery to $300 from Nielsen and Bitters; $117 from Andersens; and $25 from Seamons, instead of granting him $550 (the balance between the $1400 in cash actually received and the $1,950 total purchase price) jointly and severally against all parties. The origin of these amounts in the original judgment and the reason they were awarded against particular parties has been examined in deciding the particular points raised heretofore. We deem it unnecessary to go into them again. The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT AND HENRIOD, JJ., concur.