265 P.2d 383

**BURR et al.   v.   CHILDS.**

No. 8059.

Supreme Court of Utah.

Dec. 30, 1953.

200

Dean N. Clayton, David S. Kunz, Ogden, for appellant.

George S. Ballif, Provo, for respondent.

WOLFE, Chief Justice.

Class action against defendant Ralph E. Childs for recovery of wages allegedly required by Utah Code Anno.1953, 34–12–2 to 34–12–10, under a contract for public works. Defendant was awarded the contract for construction of the Union High School at Roosevelt, Utah. Plaintiffs' complaint contains the following allegations:

"II.   That plaintiffs were employed by the defendant and worked on the construction of the Union High School located at Roosevelt, Utah. * * *

"III.   * * *   That at the time the said defendant was awarded the contract to construct said school there was in force at the times herein mentioned a 'Minimum Wage on Public Works' law enacted by the legislature of the State of Utah, said law being Sec-

tion 49–11–3 of the 1943 Utah Code Annotated.

"IV. Plaintiff alleges upon information and belief that pursuant to Title 49–11, Utah Code Annotated, 1943, the Industrial Commission of the State of Utah, issued as of the 22nd day of Sept., 1949, a list of general prevailing rates of pay per hour for each type of craft or 'wages to the laborers, workmen and mechanics' as found in general throughout the state. A copy of said prevailing wage rate for carpenters is hereto attached. * * * That pursuant to Title 49–11, Utah Code Annotated, 1943, the Industrial Commission of the State of Utah, issued as of the 15th day of July, 1950, a list of general prevailing rates of pay per hour for each type of craft or 'wages to the laborers, workmen and mechanics' as found in general throughout the state. That a copy of the prevailing wage list as of July 15th, 1950 is hereto attached. * * *

"V. That at the time the said defendant was awarded the contract to construct said school there was in full force and effect Section 49–11–8, Utah Code Annotated, 1943, as amended, which provided for the rate of pay for all labor in excess of 40 hours per week on public works.

"VI. That the defendant wilfully violated the provisions contained in said Section 49–11–3, Utah Code Annotated, 1943; and said Section 49–11–8, Utah Code Annotated, 1943, as amended by Laws of 1949, in that he failed to pay to the individuals employed on the construction of the Union High School as aforesaid the prevailing wage rate and failed to pay said employees for all hours worked by said employees over 40 hours per week as provided by said statute.

"VII. That plaintiffs and plaintiffs' agents have made demand upon the defendant to comply with the provisions of the Utah Statutes hereinabove referred to, and that the defendant despite said demand has failed to comply with the aforesaid statutory provisions."

A prayer for relief follows the foregoing allegations. The sole issue raised by this appeal is whether plaintiffs' complaint states a claim upon which relief may be granted. The lower court granted defendant's motion to dismiss on that ground and plaintiffs' appeal.

Defendant contends that the action is grounded on a statute; that Utah Code Anno.1953, 34–12–2 to 34–12–10 prescribe certain conditions vital to the cause of action; that plaintiffs have failed to set forth these conditions in their complaint and therefore they have failed to state a cause of action.

The specific instances wherein defendant contends the complaint is erroneous will follow the pertinent statutory provisions:

"34–12–2. Not less that the general prevailing rate of wages per hour for

202

work of a similar character in the locality in which the work is performed, and not less than the general prevailing rate of wages per hour for legal holiday and overtime work, shall be paid to *all laborers, workmen and mechanics* employed by or on behalf of the *state of Utah,* or by or on behalf of any *county, city and county, city, town, district or other political subdivision* of the said state, engaged in the construction of *public works,* exclusive of maintenance work. * * * (Italics added.)

"34–12–3. The public body awarding any contract for public work on behalf of the state of Utah or on behalf of any county, city and county, city, town, township, district, or otherwise undertaking any public works, shall ascertain from the industrial commission of Utah the general prevailing rate of wages per hour for each type of craft or work needed to execute the said contract in the locality in which the work is to be performed. In the call for bids for said contract and in the said contract itself, the said public body shall publish and set forth a schedule showing the rate of wages per hour for each type of craft or work needed to execute the contract prevailing in the said locality, and also the general prevailing rate for legal holidays and overtime work and also that it shall be mandatory upon the contrac-

tor to whom the contract is awarded and upon any subcontractor, under him, to pay not less than the said specified rate to all laborers, workmen and mechanics employed by them in the execution of the contract.

"34–12–4. When the said public body awards a contract it shall cause to be inserted in the contract stipulations requiring the contractors or subcontractors to pay the said prevailing rates of wages to the laborers, workmen and mechanics * * *.

"34–12–6. Construction work done for irrigation, utility, reclamation, improvement and other districts, or other public agency or agencies, public officer or body, as well as street, sewer and other improvement work done under the direction and supervision or by the authority of any officer or public body of the state, or of any city or *any political subdivision,* district or municipality thereof, * * * also any construction or repair work done under contract, and *paid for in whole or in part out of public funds,* shall be held to be 'public works' within the meaning of this act * * *. (Italics added.)

"34–12–8. Forty hours shall constitute a working week, on all works and undertakings carried on by the state, county, or municipal governments, or by any officer of the state or of any county or municipal government. Any persons, corporation, firm,

contractor, agent, manager, or foreman, who shall require or contract with any person to work upon such works or undertakings longer than forty hours in one week, shall pay such employees at a rate not less than one and one-half times the regular rate at which he is employed."

Defendant first contends that Section 34–12–2 requires the specific allegation that plaintiffs are "laborers, workmen and mechanics". We think the allegations in paragraph 2 of the complaint that "plaintiffs were employed by the defendant and worked on the construction of the Union High School" and in paragraph 4 that a copy of the "prevailing wage rate for carpenters" is attached to the complaint, sufficient to classify plaintiffs as persons protected by the statute.

Defendant maintains that the complaint must show that the public body awarding the contract included in "the call for bids for said contract and in the contract itself" a schedule of the prevailing wage rates. We do not agree. The provisions of Section 34–12–2 require payment of the prevailing wage rate to employees on public works. While subsequent statutory provisions, Sections 34–12–3 and 34–12–4, outline the procedure to ascertain the prevailing wage rate and provide for inclusion of the rate in public works contracts, it is to be assumed that the public body has discharged its duty and that the public works contract contains the necessary provisions. Hence, any such allegation in a complaint brought by employees protected by the statute would be redundant. Further, even if the public works contract failed to contain a clause requiring payment of the prevailing wage rate, indeed, assuming the agreement between the public body and the contractor attempted to avoid the statute, we cannot see how the rights of employees under Section 34–12–2 could be prejudiced. This provision becomes a part of every contract for public works, a necessary conclusion if the state is to have an effective statute. It must be remembered that the minimum wage law was passed for the benefit of labor and the protection of society in general, and the purpose of maintaining living standards should be considered in construing the law. A technical and restrictive interpretation is not in keeping with the purposes which the legislature intended to accomplish.

Defendant next contends that the complaint must specifically set forth the wages actually paid and show where the wages are lower than the prevailing rate published by the Industrial Commission. We think the allegation in paragraph 6 of the complaint that defendant "failed to pay * * . * the prevailing wage rate and failed to pay said employees for all hours worked by said employees over 40 hours per week as provided by said statute" is sufficient to notify defendant of the nature of the claim.

204

■ Under the Utah Rules of Civil Procedure, for the most part taken from the Federal Rules of Civil Procedure, a pleader is required only to make a short and plain statement of his claim, U.R.C.P., Rule 8(a), and the requirement of technical exactness is excluded. Fine detail is not required. Porter v. Shoemaker, D.C., 6 F.R.D. 438. 10 Fed.Rules Service, 8a.25, p. 51. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 388, 91 L.Ed. 451, Mr. Justice Murphy, discussing the Federal rules, said:

"The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial."

The deficiencies suggested by defendant impliedly acknowledge a full understanding of the nature of plaintiffs' claim, the main objection being that plaintiffs did not adhere to the technical features of the statute. In support of the contention that the statute requires a tedious recital of statutory language, and not a crisp statement of ultimate facts as required by U.R.C.P., Rule 8(a), defendant cites the case of Hamilton v. Salt Lake City, 99 Utah 362, 106 P.2d 1028, where the plaintiff commenced an action against Salt Lake City for damages for personal injuries. The controlling statutes were Utah Code Ann. 10–7–77 and 10–7–78, which required adherence to certain procedural steps as a condition to recovery. Failure to set forth compliance with the procedural steps in the complaint was, as stated in Section 10–7–78, "a sufficient bar and answer" to the action. We find no such conditions in the statutes now before the court, and it is our judgment that defendant has been apprised of the charge against him by pleadings which consider the necessary facts.

The case is reversed and remanded for further proceedings. Costs to the appellants.

McDONOUGH, CROCKETT, HENRIOD, and WADE, JJ., concur.