280 P.2d 453

Samuel E. BLACKHAM, Plaintiff and Appellant,

v.

A. M. SNELGROVE and American Surety Company of New York, Defendants and Respondents.

No. 8170.

Supreme Court of Utah.

Feb. 28, 1955.

2.   Weede v. Emma Copper Co., 58 Utah 524, 200 P. 517.

Samuel E. Blackham, Chevy Chase, for appellant.

Dallas H. Young, Jr., Provo, for respondents.

WORTHEN, Justice.

Appeal from an order of dismissal for failure of plaintiff's complaint to state a claim upon which relief can be granted.

The only material facts, accordingly, are the averments in plaintiff's complaint:

"1. That the defendant A. M. Snelgrove during all times mentioned herein was and now is, City Recorder and Clerk of the City of Provo, State of Utah.

"2. [That defendant American Surety Company of New York is a corporation authorized to do business in Utah.]

"3. [Allegations of defendant Snelgrove's execution of his official bond with the defendant surety company as surety.]

"4. That on or about the 8th day of July, 1953, the said A. M. Snelgrove, while acting in his official capacity as City Recorder and Clerk aforesaid, did then and there receive and accept from the plaintiff the sum of One Thousand

Dollars ($1,000.00) as cash bond as and for bail for the release from custody of one Dayle E. Hewett and pending his appearance for trial on felony charge in the case of the State of Utah v. Dayle E. Hewett, then pending in the City Court of Provo City, Utah. That upon the receipt of said sum he thereupon issued to said plaintiff his official receipt therefor.

"5. That on or about the 28th day of December, 1953, the said felony charge against the said Dayle E. Hewitt, was by the Judge of said City Court duly dismissed.

"6. That on the 30th day of December, 1953, the said plaintiff presented to the said A. M. Snelgrove the aforesaid receipt and demanded from him the said One Thousand Dollars ($1,000.00) theretofore deposited with him as aforesaid, but the said A. M. Snelgrove thereupon unlawfully refused to return the said sum or any part thereof to the plaintiff and has continued to and does now refuse to return said sum to this plaintiff who is entitled thereto."

The record does not disclose the basis upon which the trial court found plaintiff's complaint defective. Defendants argue on appeal, in support of the granting of their motion for dismissal, that plaintiff's complaint fails to state a claim because it does not allege plaintiff as the owner of the money deposited as cash bail. They contend further that under the law of this state, money deposited as cash bail is presumed to be the property of the defendant in the criminal case.

To decide the issue thus presented, Rules 12(b) (6), 8(a), 8(e) (1) and 8(f) of the Utah Rules of Civil Procedure must together be construed and their proper interpretation applied. Rule 12(b) (6) permits the dismissal of a case "for failure of the pleading to state a claim upon which relief can be granted." Rule 8(a) sets out what a complaint must contain in order to state a claim for relief: "A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment." Rule 8(e) (1) provides in part: "No technical forms of pleading or motions are required." And Rule 8(f) states: "All pleadings shall be so construed as to do substantial justice."

This court has had to decide upon the sufficiency of a complaint under the above-quoted rules in four cases.[1] In none

1. Farrell v. Mennen Co.; Utah, 235 P.2d 128 (*held,* complaint failed to state a claim upon which relief can be granted); Seamons v. Andersen, Utah, 252 P.2d 209, 212 (*held,* "cross-complainant's 'cause of action' does not fill the first requirement of Rule 8(a)"); Burr v. Childs, 1 Utah 2d 199, 265 P.2d 383 (complaint held to be sufficient); Wilson v. Oldroyd, 1 Utah 2d 362, 267 P.2d 759 (complaint held to be sufficient.)

of these has it found it necessary to express in any words other than those used in the rules what is required of a complaint which states a claim for relief. In one, however, Burr v. Childs,[2] a clear indication was given as to how these rules should be interpreted. Chief Justice Wolfe, speaking for the court, in that case wrote:

"Under the Utah Rules of Civil Procedure, for the most part taken from the Federal Rules of Civil Procedure, [28 U.S.C.A.] a pleader is required only to make a short and plain statement of his claim, U.R.C.P., Rule 8(a), and the requirement of technical exactness is excluded. Fine detail is not required. Porter v. Shoemaker D. C., 6 F.R.D. 438. 10 Fed. Rules Service, 8a.25, p 51. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 388, 91 L.Ed. 451, Mr. Justice Murphy, discussing the Federal rules said:

" 'The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial.' "

■ The import of this language is characterized by the federal court cases which have construed the same provisions of Rules 8 and 12 under the federal rules. These cases comprise a large enough number that from among them certain expressed interpretations or verbalizations of the rules have developed and been accepted and repeated in a number of the cases. Thus, it can very often be found stated in these cases that a complaint is required only to " *· * * give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved."[3] It may also frequently be found stated in these cases that a complaint does not fail to state a claim unless " * * * it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."[4]

---

2. 1 Utah 2d 199, 265 P.2d 383, 387, cited supra, note 1.

3. Barron & Holtzoff, Federal Practice and Procedure, vol. 1, pp. 431–4, Sec. 255, and cases cited there. See, also, Federal Rules Digest, Rule 8a.25.

4. Leimer v. State Mutual Assur. Co., 8 Cir., 1940, 108 F.2d 302, at page 306, and See Barron & Holtzoff, vol. 1, pp. 431–4, Sec. 255; and Federal Rules Digest, Rule 8a.25, and Rule 12b.34.

The reasoning behind these federal court cases is well summed up in Leimer v. State Mutual Assur. Co.:[5]

"In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars [6] under Rule 12(e) and thereafter applying for judgment on the pleadings under Rule 12(h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."

■ Plaintiff's complaint in the case before us clearly affords fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved. It informs defendants that plaintiff is suing to recover $1,000.00 which he deposited with defendant Snelgrove, and which after dismissal of the criminal charge against the person for whom it was deposited, he alleges he is entitled to. Likewise, from plaintiff's complaint it does not appear to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.

The order of the trial court is reversed and the cause is remanded for further proceedings. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, J., concur.

HENRIOD, Justice.

I concur but wish to volunteer other and possibly different reasons for the result. Apparently defendants' principal objections to plaintiff's pleading and his claim to the money are: 1) that plaintiff alleged no *ownership,* and that 2) anyway, there is a conclusive presumption of ownership of the bail money by the defendant, none other, regardless of who deposited the money.

As to 1): Plaintiff alleged he was "entitled" to the money. Such term connotes ownership or an assertable right [1] which, in my opinion satisfies the rules as to plead-

---

5. Ibid.

6. An amendment to Rule 12(e) of the federal rules, effective March 19, 1948, eliminated the former provision for a bill of particulars, referred to in the excerpt quoted, retaining only the motion for a ■

more definite statement. Rule 12(e) of the Utah rules was modeled after the federal rule as thus amended.

1. Vol. 14A, Words and Phrases, Entitle, p. 388 et seq; Webster's International Dictionary.

162

ing ownership in cases of money had and received.[2]

As to 2): There is respectable authority for defendant's second contention.[3] Other respectable authority,[4] perhaps the majority insists that as between bail depositors, third persons and the state, the state's legitimate demands first must be met out of the fund, after which payment safely could be made to the depositor (presumptive owner) unless prior thereto someone appears claiming a paramount right thereto, in which event the depositee well might deposit the fund into court for disbursement to him, who, in a proper hearing, is determined to be the true owner,—a sound conclusion so far as elementary principles of property are concerned and even though our statutes talk of the deposit *by the defendant* and the return thereof *to the defendant*.[5]

Certainly one voluntarily depositing the money is charged with the provisions for its forfeiture and could claim nothing save what remains after the state's legitimate demands have been satisfied. To hold that third persons,—even a defendant,—who had no interest in the money could prevail against the true owner, would be to sanction, in my opinion, an unnecessary, abortive and perhaps unconstitutional inroad into fundamental property rights.

WADE, J., concurs in the opinion of Mr. Justice WORTHEN and also in the views expressed in the concurring opinion of Mr. Justice HENRIOD.

2. Utah Rules of Civil Procedure, Form 8, "Complaint for Money Had and Received."

3. Whiteaker v. State, 31 Okl. 65, 119 P. 1003 (bail forfeiture case. Later in First National Bank of Okmulgee v. Wisdom (Okl.), infra, it was held contra); 6 Am.Jur. 160.

4. First National Bank of Okmulgee v. Wisdom, 97 Okl. 298, 223 P. 639; Mundell v. Wells, 181 Cal. 398, 184 P. 666, 7 A.L.R. 383; Wright & Taylor v. Dougherty, 138 Iowa 195, 115 N.W. 908; State v. Bailey, 121 Wash. 413, 209 P. 847; State v. Friend, 212 Iowa 136, 236 N.W. 20; People ex rel. Meyer v. Gould, 75 App.Div. 524, 78 N.Y.S. 279.

5. Titles 77–43–19, 21, U.C.A. 1953.