**PASKER, GOULD, AMES & WEAVER, INC., as successor-in-interest to Holland–Pasker & Associates, Inc., Plaintiff and Appellee,**

v.

**James A. MORSE, Jr., dba Hiatt–Morse Properties, Defendant and Appellant.**

**No. 940015–CA.**

Court of Appeals of Utah.

Dec. 15, 1994.

David O. Black and Richard W. Black, Salt Lake City, for appellant.

Dennis K. Poole and Andrea Nuffer, Salt Lake City, for appellee.

Before DAVIS, GREENWOOD and ORME, JJ.

GREENWOOD, Judge:

Appellant James A. Morse, Jr. (Morse) appeals the bench trial judgment against him, awarding damages for breach of contract. We affirm.

## I. BACKGROUND [1]

In April of 1987, Morse entered into a contract (the Contract) with Holland–Pasker & Associates (Holland–Pasker), for architectural services on a five-story atrium-style office building to be built on property owned by Morse. This building was identified at trial as Building A.

The Contract called for a fixed fee of $88,-000 to be paid in installments upon completion of four phases of the project as follows: [2] (1) 15% for the schematic design phase; (2)

---

1. On appeal from a bench trial, we view the evidence in a light most favorable to the trial court's findings, and recite the facts accordingly. *Lake Philgas Serv. v. Valley Bank*, 845 P.2d 951, 953 n. 1 (Utah App.1993).

2. The Contract also provided for payment of other amounts for additional services; not relevant to our discussion.

15% for the design development phase; (3) 50% for the construction document phase; and (4) 20% for the construction phase. The Contract stipulated that Holland–Pasker could not proceed beyond the schematic design phase until payment for that phase was received. The Contract further provided that payment for the schematic design phase was due upon the occurrence of any one of the following events: (1) the owner obtains financing for the project; (2) the owner sells the property; or (3) the property buyer assumes responsibility for payment of the Contract.

During the course of the project, Morse worked closely with Holland–Pasker, visiting its offices an average of three times a week. Because Morse was unable to obtain financing on the building as originally designed, he asked Holland–Pasker to design a smaller building for the property. This smaller building was identified at trial as Building B. The Contract applied only to services associated with Building A.

Holland–Pasker provided Morse with numerous plans and renderings for both Building A and Building B. These included specific floor plans which Morse used in seeking potential tenants and investors. The floor plans were highly detailed and included the structural, mechanical, and electrical elements of each floor.

Ultimately, neither Building A nor Building B was built on the property. In 1991, Morse entered into a joint venture agreement with South Towne Towers, whereby Morse sold the property to South Towne Towers in exchange for an ownership interest in the company. South Towne Towers eventually constructed a building on the property, but on a different site than envisioned for either Building A or Building B. Despite numerous billings, Morse paid Holland–Pasker only $3,000 for its architectural services.

Pasker, Gould, Ames, & Weaver (Pasker) brought suit as successor-in-interest to Holland–Pasker, alleging breach of contract and quantum meruit. Pasker alleged it had completed the schematic design and design development phases of the Contract, and was therefore entitled to 30% of the $88,000 fixed fee, pursuant to the Contract.

After a one-day bench trial, the trial court entered the following findings of fact which are pertinent to this appeal:

(1) Pasker completed the schematic phase of the Contract, during which Morse worked with Pasker on a daily basis.

(2) At the end of the schematic design phase Morse requested that Pasker proceed immediately to the design development phase in an effort to secure tenants for the office building.

(3) Pasker complied with this request and completed the design development phase.

(4) Pasker is entitled to 30% ($26,400) of the basic compensation pursuant to the terms of the Contract for completing both the schematic design and the design development phases.

(5) Pasker is also entitled to $3,581 for services of consultants and other reimbursable expenses.

(6) The project for which the services were provided was sold to a joint venture and project financing was obtained, satisfying the condition precedent for payment for the schematic phase.

(7) Morse has paid only $3,000 against the obligation, and has breached the Contract by failing to pay the full amount.

(8) Morse owes Pasker $26,981, plus interest.

The trial court concluded that Morse had breached the Contract by failing to make payment according to the terms of the Contract and that Morse had requested Pasker to perform architectural services that he knew or should have known were available only for compensation. The trial court entered judgment in favor of Pasker in the amount of $26,981, plus interest, for a total of $33,936.92.

## II. ISSUES

We address the following issues on appeal: (1) Did the trial court abuse its discretion by admitting evidence on the issue of Pasker's right to payment for the design development phase of the Contract? (2) Are the findings of fact and evidence sufficient to constitute

waiver of a Contract provision, thus justifying payment for the design development phase? (3) Was the evidence sufficient to demonstrate that preconditions for payment on the schematic design phase had been met? (4) Was the evidence sufficient to conclude that work on the design development phase was completed?[3]

## III. STANDARD OF REVIEW

■ A trial court's conclusions of law are reviewed on appeal for correctness. *Saunders v. Sharp*, 806 P.2d 198, 199–200 (Utah 1991) (per curiam). We review a trial court's findings of fact under a clearly erroneous standard and will not lightly disturb those findings. *Alta Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1286 (Utah 1993). To demonstrate that the trial court's findings of fact are clearly erroneous, the appellant must first marshal all the evidence in support of those findings. *Gillmor v. Wright*, 850 P.2d 431, 433 (Utah 1993). Additionally, viewing the evidence in a light most favorable to the trial court, the appellant must demonstrate that the evidence is insufficient to support the findings of fact. *Id.* A trial court's decisions regarding admission of evidence are generally accorded a good deal of discretion, *State v. Pena*, 869 P.2d 932, 938 (Utah 1994), and its decision on a motion to amend pleadings falls within the scope of its sound discretion. *Westley v. Farmer's Ins. Exch.*, 663 P.2d 93, 94 (Utah 1983).

## IV. ANALYSIS

### A. Recovery for the Design Development Phase

■ Morse argues that Pasker did not properly plead in its complaint for payment for the design development phase and that the trial court erred in tacitly allowing amendment of the pleadings by admitting evidence regarding work completed on that phase of the Contract. Pasker counters that Morse had sufficient notice of this cause of action throughout the proceedings and was therefore not prejudiced by the trial court's decision to admit the evidence.

Pasker alleged in its complaint that "Holland–Pasker completed the Schematic Design Phase and Design Development Phase of the contracted architectural services and is therefore entitled to 30% [$26,400] of the Basic Compensation pursuant to the terms of the Contract." The 30% requested necessarily included 15% for the schematic design phase, and 15% for the design development phase, per the Contract. However, in the prayer for relief section of the complaint Pasker requested only $13,897. Morse therefore argues that recovery for the design development phase was not properly pled and the trial court should not have allowed evidence on the claim over his objection.

Utah, however, has adopted liberalized pleading rules. *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982). These rules allow parties to present any legitimate claims they have relating to their dispute, "subject to the requirement that their adversary have 'fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" *Id.* (quoting *Blackham v. Snelgrove*, 3 Utah 2d 157, 160, 280 P.2d 453, 455 (1955)). Thus, the trial court can inquire into and resolve all issues pertaining to the controversy. *Id.*

■ Liberalized rules of pleading are consistent with Rule 15(b) of the Utah Rules of Civil Procedure, which provides, in part, that

amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall grant a continuance, if

3. Because we conclude that Pasker can recover under its breach of contract claim, we do not address the alternative theory of quantum meruit.

necessary, to enable the objecting party to meet such evidence.

This rule provides the trial court with considerable flexibility to consider evidence regarding disputes between the parties to an action and resolve all aspects of those disputes. *See Seamons v. Andersen,* 122 Utah 497, 252 P.2d 209, 212 (1952) (Rule 15 permits court to informally permit amendment of pleadings to conform with evidence).

Morse argues that he was unprepared for this issue at trial and was therefore prejudiced by the trial court's decision to admit evidence of Pasker's completion of the design development phase. We are not persuaded that the trial court abused its discretion by allowing the claim to go forward. Although the complaint's prayer for relief included a figure that corresponded only to the schematic phase or the design development, but not ·both, recovery pursuant to both phases was clearly alleged in the body of the complaint. Moreover, Morse was provided further notice before trial that Pasker sought to recover for the design development phase as well as the schematic phase. Pasker's memorandum in support of its motion for summary judgment clearly addresses entitlement to compensation for the design development phase. Also, the affidavit of Art Pasker stated that Pasker completed the design development phase and was therefore entitled to 30% of the basic compensation. Further, Pasker's opening statement at trial indicated that Pasker sought recovery for the design development phase. Finally, evidence was offered at trial that Morse specifically requested Pasker to proceed with the design development phase of the Contract and that Pasker complied.

Taken as a whole, evidence establishes that Morse was given "fair notice of the nature and basis ... of the claim and a general indication of the type of litigation involved." *Williams,* 656 P.2d at 971. Having had such notice, Morse ˙cannot legitimately claim to have been prejudiced when the issue was presented to the court. Therefore, the trial court did not abuse its discretion by admitting evidence of, and allowing recovery for, the design development phase of the Contract.

## B. Waiver of Contract Provisions

■ The Contract contained a clause prohibiting Pasker from proceeding to the design development phase until full payment was received for the schematic design phase. Pasker argues that the trial court's findings suggest that Morse waived this contractual provision. Morse argues that he did not waive this provision and thus Pasker was not allowed under the Contract to proceed with the design development phase.

The trial court found that Morse requested Pasker to "proceed immediately to the design development phase" of the Contract, notwithstanding lack of payment for the schematic design phase. While the trial court did not specifically use the word "waiver," the actions of the parties—as found by the trial court—meet the requirements for waiver.

■ Waiver is an intentional relinquishment of a known right. *Soter's, Inc. v. Deseret Fed. Sav. & Loan,* 857 P.2d 935, 939–40 (Utah 1993). The necessary elements of waiver are: (1) an existing right, benefit or advantage; (2) knowledge of the existence of that right, benefit or advantage; and (3) an intention to relinquish the right, benefit or advantage. *Id.* at 942. To determine whether there was an intent to relinquish a right, the court looks at the totality of the circumstances, and whether the circumstances warrant an inference of relinquishment. *Id.*

In the case at hand, the condition limiting work on the design development phase was not in the standard contract form, but was added by the parties. Therefore, both parties were more likely to be aware of its existence and the rights provided. Reasonably construed, the condition would primarily benefit Pasker, by balancing his investment of time and effort in the project to correspond with payment received for services. By proceeding to complete the design development phase, Pasker intentionally waived its right under the agreement to first be paid for the schematic design phase.

Additionally, the condition arguably benefitted Morse by limiting the amount of compensable work Pasker could perform to cor-

respond with progress in securing the project's financing. This served to limit Morse's outstanding debts, until he could arrange financing. By asking Pasker to proceed with the design development phase, knowing full well he had not yet paid for the schematic phase work, Morse intentionally waived any benefit he had under the provision. Therefore, we conclude that there is sufficient evidence to support the court's implicit finding that both parties waived their rights under this provision.

Moreover, it is well established that "[p]arties to a contract may, by mutual consent, modify any or all of a contract." *Ted R. Brown and Assoc. v. Carnes Corp.*, 753 P.2d 964, 968 (Utah App.1988). Where the modification is agreed upon, those terms "prevail over inconsistent terms in the original contract in governing the rights and obligations of the parties." *Id.* When Pasker accepted Morse's request and commenced work on the design development phase, it mutually consented to modification of the Contract provisions regarding commencement of the design development phase. This modification thereafter governed the rights and obligations of the parties.

### C. Condition for Payment on the Schematic Design Phase

■ The Contract stated that payment for the schematic design phase was due if any of the following events occurred: (1) the owner obtained project financing; (2) the property was sold; or (3) responsibility for payment was assumed by a purchaser of the property. The trial court found that the owner obtained project financing and that the project for which the services were provided was sold to a joint venture. Therefore, two of the three alternative conditions for payment had been met and payment was due.

In his briefs before this court, Morse made no argument as to the adequacy of these findings or the sufficiency of the evidence supporting them. However, at oral argument, Morse asserted that the findings were faulty. Because Morse failed to brief this issue, much less marshal the evidence supporting the court's findings, we will not examine in detail the adequacy of the findings. *See Financial Bancorp v. Pingree and Dahle*, 880 P.2d 14, 17 n. 3 (Utah App.1994). We note, however, that evidence was introduced at trial that Morse sold the property in question to South Towne Towers as part of a joint venture arrangement, that financing was obtained, and that a building was eventually built on the property. Thus, there is evidence to support the findings that one or more of the conditions for payment had been met.

### D. Sufficiency of Evidence Regarding Design Development Phase

■ Morse argues that the trial court's finding of fact that Pasker completed the design development phase is clearly against the great weight of the evidence and should be overturned. Furthermore, Morse argues that Pasker failed on appeal to identify evidence to demonstrate that the trial court's finding is not against the great weight of the evidence.

■ On appeal of a trial court's finding of fact, it is the obligation of the *appellant* to marshal all evidence supporting the finding and then demonstrate that the evidence is legally insufficient to support the finding even in viewing it in the light most favorable below. *Alta Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1286 (Utah 1993). If the appellant fails to meet the burden of marshalling the evidence, the trial court's finding will not be disturbed. *Id.* In *Alta Industries*, the court noted that "although [appellant] cites some evidence that supports the court's findings, even a cursory review of the record reveals [appellant] frequently omits crucial and incriminating evidence ... and cites testimony ... without reference to conflicting testimony." *Id.* at 1287.

Similarly, Morse fails to meet his burden on appeal. The only evidence Morse cites in support of the trial court's finding that Pasker completed the design development phase is testimony from Arthur Pasker that the phase was completed. Morse then impeaches the testimony by calling it "self-serving" and "unsupported opinion," and cites some evidence to establish the contrary.

Morse ignores his own testimony at trial that he received numerous plans and renderings with respect to both Building A and Building B. Morse also disregards his testimony that he received detailed floor plans to show potential tenants and investors, which identified the structural, electrical, and mechanical elements of each floor—matters well beyond mere schematic design. Therefore, Morse has not met his burden on appeal of marshalling the evidence in support of the trial court's decision and establishing that it is insufficient to support the decision. Because there is evidence in the record supporting the trial court's findings of fact, we will not disturb its decision.

## V. CONCLUSION

The trial court did not abuse its discretion by allowing Pasker to proceed on its claim for recovery of fees for the design development phase. Conduct of the parties as found by the trial court was sufficient to constitute waiver of the contractual provision prohibiting Pasker from proceeding with the design development phase until Morse paid for the schematic design phase. Moreover, there was sufficient evidence presented at trial to support the trial court's finding that the conditions for payment on the schematic design phase had been met and thus payment for this phase was due. Finally, Morse failed to meet his burden on appeal of demonstrating that the trial court's finding regarding the completion of the design development phase was not supported by the evidence. We therefore affirm the trial court's judgment.

DAVIS and ORME, JJ., concur.