## THOMAS HOMER, RESPONDENT, *v.* INTER-MOUNTAIN ABSTRACT COMPANY, APPELLANT.

TRIAL.—NEW TRIAL.—MISCONDUCT OF JURY.—On a motion for a new trial affidavits of the jurors will not be received to impeach their verdict by showing that the jury in the jury room improperly examined a page not in evidence of an account book, another page of which was in evidence.

APPEAL from a judgment of the district court of the third district, and from an order refusing a new trial, Hon. Charles S. Zane, judge. The opinion states the facts except the following section of the statute:

A new trial may be granted on account of the misconduct of the jury, and whenever one or more of the jurors have been induced to abide a resort to the determination of chance, such misconduct may be proven by the affidavit of a juror. Section 3400, 2 Comp. Laws of 1888. The statute impliedly

excludes all other cases of proving misconduct of jury by a juror's affidavit.

*Messrs. Baldwin and Tatlock,* for the appellant.

*Messrs. Ritchie and Ritchie,* for the respondent.

MINER, J.:

This motion for new trial is based upon the ground of misconduct of the jury in the jury room, in improperly examining page 274 of the book of accounts between the parties, when only page 275 of the book was in evidence. In support of the motion for a new trial, the affidavits of two of the members of the jury were offered tending to support the motion. The court declined to receive the affidavits in support of the motion, and overruled the motion for new trial. This is the only error assigned.

This court held in *People* v. *Flynn,* 26 Pac. Rep. 114, 7 Utah, 384, that affidavits of jurors will not be received to impeach their verdict, nor to show the ground upon which it was rendered, nor to show their misunderstanding of fact or law, nor that they misunderstood the charge of the court or the effect of their verdict, nor their opinions, surmises, and processes of reasoning in arriving at a verdict. We think the affidavits offered in this case were properly rejected. The judgment of the court below is affirmed.

BARTCH, J., and SMITH, J., concurred.