332 P.2d 932

Garlen E. DOUGLAS, Plaintiff and Respondent,

v.

Jack I. GIGANDET and Mrs. Phyllis Gigandet, Defendants and Appellants.

No. 8876.

Supreme Court of Utah.

Dec. 16, 1958.

Adams, Peterson & Anderson, Monticello, for appellants.

Hurd, Bayle & Hurd, Wallace R. Lauchnor, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment entered upon a verdict of no cause of action as to all parties. The appeal is taken by defendant upon the judgment on his counterclaim and by intervenor upon her cross-complaint. Appellants filed motions for new trials which were denied.

On June 22, 1956, an accident occurred about seven miles north of Monticello, Utah, on highway number 160. Plaintiff was driving a jeep pickup truck and defendant was driving a Dodge sedan. Both were traveling north on the said highway. Intervenor was defendant's wife; they were tourists on a trip from Toledo, Ohio, enroute to Salt Lake City, Bryce, Zion and Grand Canyon. The time of the accident was somewhat after 8 a. m.; the weather was clear, the road dry and visibility good.

The pictures taken and received in evidence show that the highway is a wide, well-surfaced highway. No markers prohibited passing in the area. There was nothing to indicate a turn-off road from the highway and no marker showing that a road left the highway anywhere in the area.

Defendant testified that as he approached the plaintiff from the south with no other traffic on the highway he proceeded to prepare to pass plaintiff. He stated that there was no highway sign, no side road sign and no signal from plaintiff that he contemplated making a left turn, when plaintiff cut from the right lane of traffic across the highway at a time when defendant was too near to avoid a collision. It is apparent that had plaintiff continued to occupy his right hand lane of traffic defendant and intervenor would have passed by in the left lane of traffic.

The trial court gave instruction Number 3 to which defendant and intervenor assign error. In that instruction the court said:

"You are instructed, * * * that as the Defendant approached the Jeep truck of the Plaintiff for passing he had a duty:

"(a) To use due care to observe that the Jeep truck of the Plaintiff was approaching a point at which a side road departed from the highway on which he was traveling * * *"

The above instruction also declares that defendant had no right under the law to attempt to pass the plaintiff's jeep at an intersection. It presupposes that this side road created an intersection without any factual foundation upon which to predicate this conclusion.

If there were an intersecting highway which defendant was charged with honoring that would be one thing. Here in our opinion there was no intersecting highway and the court as a matter of law charged defendant with violating the statute.

We are of the opinion that the so-called Peter's Point Road was not an intersecting highway within the statutory definition prohibiting passing within 100 feet of an intersecting highway. In fact we conclude that this was not a street or highway at all.

Since therefore the defendant did not violate the law by passing within 100 feet of an intersection as defined by statute, the court was in error in declaring that defend-ant's attempt to pass at an intersection was negligence.

Inasmuch as the case will be remanded for a new trial, we deem it unnecessary to pass upon intervenor's questions of imputed negligence and joint venture at this time.

Reversed and remanded for a new trial. Costs to appellants.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.