408 P.2d 709

**Vernon J. SMITH, Plaintiff and Appellant,**

**v.**

**Wilmer Lee BARNETT, Defendant and Respondent.**

**No. 10320.**

Supreme Court of Utah.

Dec. 8, 1965.

Howard & Lewis, S. Rex Lewis, Provo, for appellant.

Hanson & Garrett, Don J. Hanson, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff, Vernon J. Smith, appeals from a jury verdict in a personal injury action, finding no cause for action in favor of the defendant, Wilmer Lee Barnett. The accident occurred December 29, 1962, shortly after 6 p. m. at the entrance of Rainbow Drive from the east into the east side of State Street in Murray. Plaintiff was injured while walking south in line with the sidewalk on the east side of State Street and had covered about two-thirds of the distance of the entrance when he was struck by defendant's car which had come from the north on State Street and was making a turn to the east into Rainbow Drive. It was a dark, dry night with some street lights.

The trial commenced on Thursday, continued through Friday, then adjourned until Monday. Plaintiff complains that one of the jurors was guilty of misconduct in making a test during this period. After the jury's verdict against the plaintiff was returned, plaintiff's attorney, according to his affidavit, interviewed all except one of the jurors. Three of the jurors, including the one who claims to have made the tests, each made an affidavit that the tests were made. Of course, the two affidavits made by jurors who did not see the tests being made but depended for their knowledge thereof on statements by the juror who made them are hearsay evidence. The juror who made the tests said in his affidavit that he thought the tests influenced his decision.

Rule 59(a) (2) deals with new trials. It generally copies the grounds for a new trial enumerated in Sec. 104–40–2, U.C.A. 1943, as they existed prior to the adoption of the Utah Rules of Civil Procedure in 1950.

Rule 59 New Trials; Amendments of Judgment

"(a) Grounds. Subject to the provisions of Rule 61, a new trial may be granted to all or any of the parties and on all or part of the issues, for any of the following causes; * * *

\* \* \* \* \* \*

"(2) Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to a general or special verdict, or * * * to a determination by chance or as a result of bribery, such misconduct may be proved by the affidavit of any one of the jurors."

It is to be noted that in adopting this rule it especially mentions that this rule is subject to the provisions of Rule 61. Rule 61 provides that "No error in either the admission or the exclusion of evidence, and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court incon-

sistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which dos not affect substantial rights of the parties."

This rule is in complete accord with our statutes [1] and decisions [2] on granting a new trial prior to and since the adoption of the Utah Rules of Civil Procedure in 1950. Under the previous law and since the enactment of the U.C.A.1953, we have continued to follow the law as previously established, and it is inconceivable that there was any intention to change the law as previously established in this state to authorize a showing of misconduct of the jury by filing affidavits of the jurors on any misconduct or irregularity except to show that one or more of the jurors were induced to assent to a finding by resort to a determination by chance or bribery. Plaintiff makes no claim that its affidavits even indicate that any juror was induced to assent to any provision or part of this verdict by resort to chance or bribery so these affidavits do not meet the requirements of Rule 59 and were not admissible.

Plaintiff claims prejudicial error on account of the court's failure to give certain requested instructions [3] and in its giving a number of other instructions. We have carefully analyzed these claims and find no merit in them.

Judgment affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

1. U.C.A.1943, § 104–40–2.
2. People v. Flynn, 7 Utah 378, 26 P. 1114; Homer v. Inter Mountain Abstract Co., 9 Utah 193, 33 P. 700; Hepworth v. Covey Bros. Amusement Co., 97 Utah 205, 91 P.2d 507; Morrison v. Perry, 104 Utah 151, 140 P.2d 772; Wheat v. Denver & R. G. W. R. Co., 122 Utah 418, 250 P.2d 932; State v. Garcia, 11 Utah 2d 67, 355 P.2d 57.
3. Wellman v. Noble, 12 Utah 2d 350, 366 P.2d 701, in which this court held that it was not error to refuse to give an instruction on unavoidable accident.