439 P.2d 850

Mary HATHAWAY, Plaintiff
and Appellant,

v.

Jay L. MARX, Floyd A. Marx, dba Carbon-
Emery Animal By-Products Company, and
Luey Haddock, Defendants and Respond-
ents.

No. 11030.

Supreme Court of Utah.

April 12, 1968.

Robert W. Hughes, Salt Lake City, for
appellant.

Hanson & Garrett, Don J. Hanson and W. Brent Wilcox, Salt Lake City, for respondents.

CROCKETT, Chief Justice.

The plaintiff, Mary Hathaway, sued to recover for injuries suffered in a same-direction collision between her car and a Carbon Animal By-Products truck as it left-turned in front of her to leave U. S. Highway 40 at the Lake Boren road about 10 miles southwesterly from Roosevelt. A jury trial resulted in no cause of action verdict.

Plaintiff's attempt to vacate the verdict and obtain a new trial is based upon her claims: (1) that the trial court erred in instructing the jury on the law governing passing at intersections; and (2) that there was misconduct in the jury deliberations.

Just before noon on June 27, 1961, the plaintiff, along with her children, was traveling westerly (at this point on the highway actually going south) at a moderate rate of speed. She was overtaking and starting to pass the defendants' slower-moving truck and had crossed over the center line onto her left-hand (east) side of the highway when she collided with the defendants' truck as it was making a left-hand turn to leave the highway eastward onto the Lake Boren road.

Plaintiff's assignment of error in instructing as to the law governing passing at intersections is based on her contention that the trial court improperly assumed, and instructed the jury, that the site of the collision was an intersection, and called attention to the statutory prohibition against passing another vehicle at or within 100 feet of an intersection.[1] Her argument is that because the eastward segment of the Lake Boren road is only an infrequently traveled dirt road, and not readily observable to a main highway traveler, she should not be held to the requirements governing passing at intersections.

■■ The fallacy in the plaintiff's position is that she makes a strained attempt to see and emphasize only those aspects of the evidence which would support her argument and ignores the controlling facts. It appears that the Lake Boren road intersects the main highway, U. S. 40, from both east and west and crosses it at right angles. The main highway is widened for about $\frac{1}{10}$th of a mile in both directions to provide an extra lane for acceleration and deceleration in entering or leaving the highway; and there are stop signs at both the east and west side to warn oncoming traffic. From these facts the trial court would have been entirely justified in regarding

---

1. Sec. 41–6–58, U.C.A.1953. Driving on left side of road.—(a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * * (2) When approaching within 100 feet of or traversing any intersection. * * *

this crossing as an intersection, that is, the area where two nonparallel streets or roadways cross each other. This is in accord with our statute,[2] and he thus committed no error in that regard.

It is unnecessary to dwell further on this point. But in order to accurately reflect the trial court's action we further point out that he did not categorically state that the place was an intersection. To make it seem so requires a continuance of the strained effort on the plaintiff's part in excerpting parts from two separate instructions. However, upon an objective reading of the instructions together, it appears that what the court did was to make an accurate statement of the law applicable to the passing at intersections and left to the jury the finding of the facts relating thereto. These instructions considered in their entirety, as they should be, impress us as having fairly and adequately covered the issues of fact and the applicable law.

2. Sec. 41-6-8, U.C.A.1953. Intersection —* * * (a) "Intersection." (1) The area embraced within the prolongation or connection of the lateral curblines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, * * * In this respect this case is significantly different from the case of Douglas v. Gigandet, 8

Plaintiff's other point on appeal rests on the assertion of her counsel that the foreman of the jury had made a statement in the jury room that he had come upon the scene of the accident shortly after it occurred and had seen there one Reed Stansfield, later called as a witness for the defendant. It is urged that this in some manner gave support to the defendants' case. About that we need not conjecture. This attack fails for two reasons: First, there is no competent proof that the alleged misconduct happened at all. Second, with very limited exceptions, the conduct and deliberations in the jury room cannot be impeached.[3]

Nothing having been shown which would justify upsetting the judgment, it is affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

Utah 2d 245, 332 P.2d 932, relied on by plaintiff.
3. See Rule 59(a) (2), U.R.C.P.; Smith v. Barnett, 17 Utah 2d 240, 408 P.2d 709; and that it would be impracticable and lead to endless mischief to examine into the discussions and deliberations of the jury, see statement in Wheat v. Denver & Rio Grande W. R. Co., 122 Utah 418, 250 P.2d 932.