449 P.2d 991

**BARTLETT ELECTRIC, INC., a Utah corporation, Plaintiff,**

**v.**

**R. Derrell BALLARD, dba Ballard Construction Co., et al., Defendants and Counterclaimants.**

**R. Derrell BALLARD, dba Ballard Construction Co., Cross-Claimant, Respondent and Cross-Appellant,**

**v.**

**Reed M. SMITH et al., Cross-Defendants, Counterclaimants, Appellants and Cross-Respondents.**

No. 11302.

Supreme Court of Utah.

Jan. 31, 1969.

E. J. Skeen, Salt Lake City, for appellant.

Robert S. Schmid, of Neslen & Mock, Salt Lake City, for respondents.

TUCKETT, Justice.

This is an action commenced in the court below under the mechanic's lien statute. The action was filed by Bartlett Electric, Inc., against R. Derrell Ballard, the general contractor, to recover for materials and labor furnished by the plaintiff in the construction of a commercial building. The issues were settled between Bartlett and Ballard during the course of the trial, and the action proceeded on the issues between

Ballard and Reed M. Smith and Barbara D. Smith, his wife.

The Smiths were owners of certain property in Salt Lake City on which they decided to erect a commercial building to be leased to an operator of a dry cleaning and laundry business. On January 4, 1962, Reed M. Smith and his wife entered into a written contract with Richard D. Ballard for the construction of the building. The contract obligated the owners to pay to the building contractor the sum of $38,750 for the construction of the building and adjacent facilities. Some time after completion of the structure these proceedings were initiated wherein the contractor Ballard sought to recover the balance he claimed due under the contract, and the owners counterclaimed, claiming they had been damaged in the total amount of $23,363.07.

The evidence except for that pertaining to attorney's fees was presented to the trial court, but the judge thereof died before a decision was made. Pursuant to agreement of the parties the transcript of the testimony was submitted to another judge for a decision. The contractor was awarded a judgment in the amount of $6,316.95, less offsets allowed the owners in the amount of $699.91. It was also decided that the contractor's mechanic's lien had not been filed in time and determined he was not entitled to attorney's fees. The claims of the owners were denied except as to the offset above mentioned.

The owners have appealed, claiming that the award to them was wholly inadequate and the contractor has cross-appealed, claiming that the court erred in failing to award attorney's fees.

The owners' claims are based principally upon their contention that the contractor failed to build the building according to the specifications, and that the building was not completed within the time specified in the contract. As to the owners' claim that the building was not completed in time, there was evidence of record that the contractor had been granted an extension of time in commencing construction due to zoning problems and to inclement weather. The owners' chief claim regarding defects in construction pertains to the east wall of the building. The specifications provided that the lower portion of the wall should be dampproofed and that a gutter be constructed along the wall to carry away water which might accumulate on adjoining property and run upon the owners' property. It would appear, however, that the specifications provided that the east wall of the building was to be constructed one foot distant from a retaining wall on neighboring property. The record disclosed that during the initial construction the owners directed that the building wall be moved to within six inches from the neighboring wall. The relocation of the wall reduced the working space between it and the retaining wall which interfered

with the contractor's carrying out the work in accordance with the specifications. Because of the contractor's failure to damp-proof the wall and to build the gutter as specified, water did seep into the building. The contractor and the owners separately attempted to remedy that defect, and it was in fact remedied to such an extent that there was very little seepage. Estimates of the cost of waterproofing the wall range from $100 to approximately $4,000. The court did include in the offset awarded to the owners a sum it determined was reasonable for correcting that defect. As a part of the offset the owners were awarded various amounts for other defects and deficiencies in the building and facilities which were less than the owners contended they were entitled to, but nevertheless, the items of award were well within the scope of the evidence.[1]

As to the contractor's claim that he was entitled to a mechanic's lien and to a reasonable attorney's fee to be awarded him under the statute, it appears from the record that the notice of lien was filed on October 18, 1962. The record also indicates that on May 14, 1962, the contractor by letter notified the owners that he was terminating the contract effective seven days from the date of the letter. The termination date was more than 80 days prior to the filing of the notice of lien. It is the contractor's contention that he performed labor and furnished materials after the effective date of the notice of termination. It would appear that the trial court was of the opinion that those items were insufficient to extend the time for the filing of the lien and as a consequence the contractor was not entitled to a mechanic's lien nor to attorney's fees.[2] There is substantial evidence to support that finding.

After review of the record we are unable to find reversible error, and the decision of the court below is affirmed. No costs awarded.

CROCKETT, C. J., CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Williams v. Nall, 4 Ariz.App. 416, 420 P.2d 988, 991.

2. Nagle v. Club Fontainbleu, 17 Utah 2d 125, 405 P.2d 346; Shupe v. Menlove. 18 Utah 2d 130, 417 P.2d 246.