511 P.2d 928 (1973)
Thomas L. SANTILLI and Marlene Santilli, Plaintiffs-Appellants,
v.
PUEBLO, a municipal corporation, Defendant-Appellee.
No. 72-247.
Colorado Court of Appeals, Div. I.
May 30, 1973.
Rehearing Denied June 19, 1973.
Certiorari Granted July 23, 1973.
*929 Seavy & Jensen, Alan N. Jensen, Pueblo, for plaintiffs-appellants.
Laurence A. Ardell, Pueblo, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Thomas L. Santilli and Marlene Santilli, plaintiffs-appellants, brought suit against the city of Pueblo, defendant-appellee, for damages resulting from a two-vehicle collision. Following a trial to a jury, judgment was entered on the verdict in favor of Pueblo and against both plaintiffs. We affirm.
The collision occurred on the evening of April 5, 1970, at the uncontrolled intersection of East 19th Street and Monument Street in the city of Pueblo. Mrs. Santilli was a passenger in a car being driven by her husband. Mr. Santilli was driving west on East 19th Street and Stephen E. Sutton, a Pueblo police officer, was driving a police cruiser north on Monument Street toward the intersection. There was evidence that as both drivers approached the intersection, their view of the other was obstructed. Neither driver yielded, and both vehicles entered the intersection at approximately the same moment, with the result that the police cruiser struck the Santilli automobile broadside. In addition to Mr. Santilli's car being damaged, he and his wife sustained personal injuries.
The Santillis urge on appeal that (1) the verdict against Mrs. Santilli was unconscionable and without any support in the evidence, (2) the trial court erred in not giving one of their tendered instructions, and (3) the jury erred in its application of the court's instructions on the law. We find no merit in these contentions.
In order for either or both plaintiffs to recover, it was necessary for the jury to have found Officer Sutton negligent and for that negligence to be a proximate cause of the Santillis' damages. The jury was properly instructed upon the law of negligence and contributory negligence. There was also adequate instruction given to the effect that the negligence, if any, of Mrs. Santilli could recover was correct in charged to Mrs. Santilli. The instruction setting forth the conditions under which Mrs. Santilli could recover was corrert in that it did not include the condition that contributory negligence would be a bar to her recovery as was contained in the instruction pertaining to Mr. Santilli's right to recovery. Therefore, construing the jury's verdict in light of these instructions, it is an inescapable conclusion that the jury in its deliberations in denying Mrs. Santilli's claim had to conclude that Officer Sutton was not guilty of negligence. Where the jury has been properly instructed, the judgment entered on the verdict will not be disturbed on review if there is evidence in the record to support the verdict. Book v. Paddock, 129 Colo. 84, 267 P.2d 247. Such is the case here.
The instruction contended by the Santillis to have been erroneously omitted concerns the principle that one is not negligent in failing to anticipate that another party might violate a law or regulation. It would have been proper for the court to have given this instruction, see Prentiss v. Johnston, 119 Colo. 370, 203 P.2d 733. However, since the jury found that Officer Sutton was not negligent, the instruction would have served only to lessen the negligence of Mr. Santilli. Hence, the instruction would not have established or added to any negligence of Officer Sutton, and it could have had no effect in changing the outcome of the verdict rendered, and its omission was harmless error.
Following the trial, one of the jurors gave the Santillis' attorney an affidavit stating that the jury as a whole, during its deliberations, was confused in applying some of the law to portions of the facts. Such an affidavit is not grounds for the granting of a new trial or for a reversal of the judgment entered. A verdict cannot be impeached by the affidavit of a juror. Morris v. Redak, 124 Colo. 27, 234 P.2d 908; Baxter v. Beckwith, 25 Colo. *930 App. 322, 137 P. 901; Annot., 40 A.L.R.2d 1119.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.