Floyd A. JOHNSON and Floyd A. Johnson as guardian ad litem for Judith Johnson, a minor, Plaintiffs and Respondents,

v.

Jolene Jaye SIMONS, a minor, and Dan C. Simons, Defendants and Appellants.

No. 14326.

Supreme Court of Utah.

June 18, 1976.

B. Lloyd Poelman, Strong, Poelman & Fox, Salt Lake City, for defendants and appellants.

E. H. Fankhauser, Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The defendants appeal from a verdict and judgment of the district court awarding to the plaintiffs damages for the personal injuries of Judith Johnson resulting from an automobile-pedestrian collision. The defendants are here seeking a reversal, or, in the alternative, a new trial.

On January 13, 1973, Jolene Jaye Simons, then 16 years old, was driving her father's automobile on Highland Drive at about 6350 South in Salt Lake County when the automobile struck Judith Johnson, a pedestrian. It was dark at the time of the accident and traffic was moderately heavy, and the roadway was dry even

though there were snowbanks along the edge of Highland Drive. Defendant testified that she did not see the pedestrian until immediately prior to the collision. Judith Johnson suffered various injuries among which was retrograde amnesia, and she was unable to recall events which occurred immediately before the accident. Judith did, however, testify that she had been to the home of a friend on the west side of Highland Drive, and that she lived on the east side of the street. She further testified that she frequently returned from her friend's home by following a route which crossed the street at approximately the location of the collision.

■ Defendants are here seeking a reversal claiming that the court committed prejudicial error in failing to instruct the jury on their claim that the plaintiff was guilty of contributory negligence and the effect of such negligence upon the plaintiff's right to recover; that the jury failed to understand the court's instructions, or that it disregarded the same in arriving at verdict. We deal first with the latter of the claimed errors. In connection with that claim of error the defendants submitted affidavits from jurors who sat on the case which would indicate that the jury were confused as to the applicable law as enunciated by the court in its instructions, or that they disregarded the law in arriving at a verdict. A misconduct may be shown by the affidavit of one of the jurors. No claim is made here that the verdict was determined by chance or that it was the result of bribery. The defendants and appellants here do not claim misconduct within the meaning of Rule 59(a)(2). The jury may not be permitted to impeach the verdict returned by it, and affidavits by jurors are inadmissible to show the contrary. The matter is governed by Rule 41 of the Utah Rules of Evidence which is as follows:

Upon an inquiry as to the validity of a verdict or an indictment no evidence shall be received to show the effect of any statement, conduct, event or condition upon the mind of a juror as influencing him to assent to or dissent from the verdict or indictment or concerning the mental processes by which it was determined, except as provided in Rule 59, U.R.C.P.

We find no error in the failure of the court to grant a new trial based upon the affidavits of members of the jury.[1]

The main thrust of the defendants' appeal goes to the problem of the adequacy of the court's instructions concerning contributory negligence if any, and the failure of the court to give defendants' requested instruction No. 19. That request was in the following language:

Contributory negligence is negligence on the part of the person injured which, cooperating with the negligence of another, assists in proximately causing her own injury.

One who is guilty of contributory negligence may not recover from another for any injury suffered because if both parties were at fault in negligently causing an accident, the degree of negligence cannot be weighed by the jury.

The request was a proper and correct statement of the law, but the record is clear that the defendants failed to timely except to the court's failure to give the request or to call the court's attention to its omission. The record shows that on September 11, 1975, on the last day of the trial, the following transpired:

THE COURT: Let the record show that all Jurors are present and in place. Good morning. Counsel, is there anything more for the record before I instruct the Jury?

MR. POELMAN: Only perhaps to make the record that exceptions to. Instructions be reserved.

THE COURT: All right.

1. *Hathaway v. Marx*, 21 Utah 2d 33, 439 P.2d 850; *Santilli v. Pueblo*, 32 Colo.App. 312, 511 P.2d 928.

MR. FANKHAUSER: That may be stipulated, exceptions may be given after the Jury retires.

The record further shows that after the jury had retired, counsel for the parties did in fact take their exceptions to the court's charge, but the record reveals that defendants did not take exception to the failure of the court to give their request No. 19. However, on October 6, 1975, at a hearing by the court on various post-judgment motions made by the defendants, further exceptions were taken to the court's instructions, and at that time defendants did in fact except to the failure of the court to give their request No. 19.

The time for taking exceptions to the court's instructions is dealt with by Rule 51, U.R.C.P., the pertinent part of which is as follows:

> . . . If the instructions are to be given in writing, all objections thereto must be made before the instructions are given to the jury; otherwise, objections may be made to the instructions after they are given to the jury, but before the jury retires to consider its verdict. No party may assign as error the giving or the failure to give an instruction unless he objects thereto. In objecting to the giving of an instruction, a party must state distinctly the matter to which he objects and the grounds for his objection. . . .

■■ Counsel owe a continuing duty to the court to make timely objections or exceptions to rulings and instructions so that the court may correct any error which requires correction during the course of the proceedings. The taking of further exceptions long after the verdict has been returned and judgment entered thereon is ineffective to correct the error we deal with here.[2]

The court after hearing post-judgment motions presented by the defendants

and appellants here was of the opinion that the instructions given by the court adequately covered the contributory negligence on the part of the plaintiff, and concluded that the instructions given were a correct and adequate statement of the law.[3] The court further ruled that the evidence supported the verdict and that the verdict was not predicated upon any misconduct on the part of the jury, and denied defendants' motions for a new trial and to recall the jury.

After considering the entire record we are of the opinion that the decision of the trial court should be and the same is affirmed. Respondents are entitled to costs.

CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting and concurring):

I am compelled to dissent from that part of the prevailing opinion which holds that defendant is not entitled to a new trial for the reason that defendants' requested instruction should have been given. It told the jury that "one who is guilty of contributory negligence may not recover from another for any injury suffered because if both parties were at fault in negligently causing an accident, the degree of negligence cannot be weighed by the jury."

The trial court wrote in his own handwriting the notation, "given in substance." However, at no time did the trial court ever tell the jury that plaintiff could not recover if her own negligence was a proximate cause of her injury. He did define "contributory negligence" and told the jury that they were not to attempt to determine which was guilty of the greater negligence.

The prevailing opinion admits that the requested instruction was proper but claims that the appellant waived the error by not making timely objection thereto. The

2. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114.

3. *Shupe v. Menlove*, 18 Utah 2d 130, 417 P.2d 246; *Case v. Peterson*, 17 Wash.2d 523, 136 P.2d 192.

facts surrounding the opportunity to make objections should be noted.

In the first place, the trial judge told counsel for defendant that he would give the instruction in question. In the second place, in order to hasten the end of the case, the court on stipulation of counsel, agreed to permit exceptions to be taken after the jury retired. In the third place, there was only one set of instructions read to the jury and that set was given to the jury, and consequently was not available for inspection by counsel.

It seems rather obvious that it would be difficult for counsel, listening to the reading of a long set of instructions, to recall just what was given, and this would especially be true where the judge had lulled counsel into a feeling of security by promising to give the substance of a particular instruction.

As soon as the verdict was rendered, the judge discharged the jury before counsel had access to the set of instructions which had been given to the jury.

At the time of argument for a new trial, the trial court stated:

> . . . I am a bit concerned about my own negligence apparently in failing to give the substance of Instruction Number 19, the effective contributory negligence and I don't know what my thinking was on that . . . .

Counsel for appellant then stated:

> [W]e, in order to keep the trial moving, reserved our right to make objections to those Instructions until a later date and in view of the fact also that without having the benefit of having the Court's Instructions before us at the time that they were given so that it's pretty hard for counsel to exclude negatives or to find gaps in what might have been given I would request that—

In reply thereto the court said:

> You be given permission to do that? I think you reserved that right on the record at the time and certainly I wouldn't hesitate when you can find

some time with Jeanie [the court reporter] to take those. Certainly I would permit you both to.

Now, I agree that counsel cannot have an "ace in the hole" just in case he loses the verdict and then use it as a means of getting a new trial. He then is presumed to waive the error. But in the instant matter there was no waiver of the error of the court in failing to give the promised instruction; there was merely a justifiable oversight, and the trial court in an effort to be fair, thereafter granted counsel for appellant the right to note in the record his exception to the failure to give the instruction; and counsel has placed his exception in the record. The court refused to give a new trial and by that refusal, I think he abused his discretion and committed reversible error.

I concur in what is said in the prevailing opinion about the affidavits from the jurors

HENRIOD, C. J., concurs in the views expressed in the opinion of ELLETT, J.