Willis E. ROSENLOF and Linna G. Rosenlof, his wife, Plaintiffs, Respondents and Cross-Appellants,

v.

Ned L. SULLIVAN and the City of St. George, Defendants, Third-Party Plaintiff, Appellant and Cross-Respondent,

v.

Ben STOUT dba Ben Stout Realty and Kent Frei, Third-Party Defendants and Respondents.

No. 18408.

Supreme Court of Utah.

Dec. 12, 1983.

Maxwell Bentley, Mark C. McLachlan, Salt Lake City, for defendants, third party plaintiff, appellant and cross-respondent.

John L. Miles, St. George, for plaintiffs, respondents and cross-appellants.

STEWART, Justice:

This is an appeal and cross appeal from a jury verdict in a case involving a real estate transaction. We affirm the jury verdict and remand to the district court for a determination of reasonable attorney's fees on this appeal.

Ned Sullivan, the defendant and the seller of the real estate in dispute, purchased property in St. George, Utah, and obtained a building permit for the construction of a single family dwelling. He commenced construction of a duplex even though he knew that the size of the property was too small for a duplex under the zoning laws. During the construction, Kent Frei, a real estate agent and a third-party defendant and respondent on this appeal, talked with the defendant about obtaining a listing on the property. The defendant refused to list the property but stated that he would consider a one-party listing if Mr. Frei had a specific buyer. When the duplex was finished, the defendant's two married sons rented the separate units.

A year after Frei's conversation with the defendant, Frei talked with the Rosenlofs, his aunt and uncle, about finding them some income property in St. George. The Rosenlofs are the plaintiffs. Frei then contacted the defendant and obtained a one-party listing. The defendant claims that during this time he told Frei that the property could not be represented as a duplex, even though he later signed a document, written by Frei, which referred to the property as a duplex. Frei denies the assertion that he was told the property could not be represented as a duplex. Nevertheless, Frei knew that the property was too small for a duplex, but he assumed, without checking, that the defendant had obtained a variance. Subsequently, the plaintiffs inspected the property. At that time the duplex was occupied and there was no stairway from the top unit to the lower unit.

The plaintiffs signed an earnest money receipt and offer to purchase, and the defendant accepted the offer. Frei acted as an intermediary during the negotiations, and thus the plaintiffs never actually met the defendant. Neither the earnest money receipt nor the listing indicated that the property was a duplex.

After purchasing the property, the plaintiffs continued to rent to the defendant's sons. Five months later one of the sons moved out. When the new tenant went to the city utility department to change the billing, the city informed the plaintiffs that the property could not be used as a duplex. The plaintiffs immediately applied for a variance, but the application was denied. Furthermore, it was impossible to purchase more land to bring the property into compliance with the zoning.

After failing to obtain a variance, the plaintiffs brought this action against the defendant claiming that the defendant had misrepresented the property as a duplex. The plaintiffs asked for the difference in the value of the property as a duplex and the value as a single dwelling home and for attorney's fees, as provided for in the earnest money agreement.

The defendant cross-claimed against the real estate agent Frei and his broker Ben Stout. The defendant claimed that Frei had exceeded his authority in representing the property as a duplex and that he had breached his obligation to the plaintiffs by not checking the records to make sure the property could be lawfully used as a duplex, when Frei knew the property was too small for such use.

The jury returned a verdict against the defendant for $18,000, the difference between the value of the property as a single family dwelling rental home and the value of the property as a two family rental home. Plaintiffs were also awarded $4,000 attorney's fees.

On appeal, the defendant argues that a new trial should be granted because the evidence and law do not support a finding that the plaintiffs reasonably relied on the representation that the property was a duplex. The defendant argues that the plaintiffs could not reasonably have relied upon the false representation because (1) Frei knew the lot was too small for a duplex; (2) Frei was actually the plaintiffs' agent, not the defendant's (or Frei was a dual agent for both the plaintiffs and defendant); (3) Frei should not have assumed a variance had been obtained; (4) as plaintiffs' agent, Frei had a duty to investigate the matter himself and disclose to the plaintiffs the smallness of the lot and the results of his investigation; (5) the plaintiffs are bound by Frei's knowledge, omissions and negligence because of Frei's failure to do so; and (6) plaintiffs had no right to rely on the false representations because Frei's knowledge was imputed to the plaintiffs.

Key to all these contentions is the defendant's theory that Frei was an agent of the buyers (the plaintiffs), even if he were also an agent of the seller (the defendant). Although there was some evidence to support the theory that Frei was an agent for the buyers, the defendant did not propose an instruction on that theory. The defendant objected only to three instructions which focused solely on an agency relationship between Frei and the seller.

■ The failure of the defendant to raise in the trial court the issue of whether Frei might also have been an agent of the buyers precludes us from addressing that issue on appeal. *E.g.*, *Park City Utah Corp. v. Ensign Co.*, Utah, 586 P.2d 446 (1978); *In re Estate of Ekker*, 19 Utah 2d 414, 432 P.2d 45 (1967).

■ The defendant next argues that the trial court erred by instructing the jury that

[i]f you find that the existing violation of the St. George City Zoning Ordinance renders the title to the property unmarketable as a duplex, and if you also find that the property was represented as a duplex, then the Seller has breached his agreement in the Earnest Money to convey marketable title and [is] answerable in damages, including attorney's fees.

He contends that the instruction is erroneous because the plaintiffs only alleged fraud in their complaint and not breach of contract.

Under Utah R.Civ.P. 8(a), " 'a pleader is required only to make a short and plain statement of his claim.' " *Blackham v. Snelgrove*, 3 Utah 2d 157, 160, 280 P.2d 453, 454 (1955), *quoting Burr v. Childs*, 1 Utah 2d 199, 204, 265 P.2d 383, 387 (1953). "[A] complaint is required only to ' * * * give the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.' " *Id.* 3 Utah 2d at 160, 280 P.2d at 455, *quoting* 1 Barron & Holtzoff, *Federal Practice and Procedure* § 255 at 431–34 (1960). The parties are "entitled to . . . notice of the issues raised and an opportunity to meet them." *Cheney v. Rucker*, 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963). *See also Williams v. State Farm Insurance Co.*, Utah, 656 P.2d 966, 970–71 (1982), which discusses *Blackham, Burr*, and *Cheney*.

Although the plaintiffs did not allege a breach of contract claim in their complaint, the nub of the whole litigation was the contract between the parties. Indeed, the complaint alleged:

[T]he Plaintiffs made an offer to buy the duplex on August 27, 1979 and . . . said offer was accepted by Ned L. Sullivan on September 3, 1979. Attached to this complaint as Exhibit "A" is a copy of the "Earnest Money Receipt and Offer To Purchase" which sets forth the agreement between the parties and which is incorporated herein by this reference.

. . . .

. . . Defendant Ned L. Sullivan should be required to pay Plaintiffs damages of $40,000 or such other amount as may be proved at trial for the difference between the value of the property as a single family rental home and the value of the property if it had been a duplex rental as represented, said difference being the Plaintiffs loss of the benefit of their bargain.

. . . .

. . . Defendant Ned L. Sullivan should be required to pay Plaintiffs reasonable attorney fees as provided by lines 47–48 of Exhibit "A" [the Earnest Money Receipt and Offer to Purchase] in such amount as may be proved at trial.

Even though a contract claim was not adequately framed in the complaint, Utah R.Civ.P. 15(b) permits a complaint to be amended "at any time, even after judgment," to conform with the evidence. The evidence at trial established the contract, the intent of the parties regarding the contract, and the defendant's breach of the contract. No objection was made by the defendant to any of this evidence. The defendant had ample opportunity to present evidence showing that there was no breach. Moreover, the specific issues alleged under the broad allegation of fraud were essentially coterminous with the elements of breach of contract, except perhaps as to whether Frei was a dual agent. Nevertheless, that was a central point in Sullivan's case on either theory. On this appeal, defendant points to no defenses he would or could have presented on the contract issue had a contract case been properly pleaded. Nor does defendant show prejudice of any kind.

■ The defendant also argues that the trial court erred in not granting a new trial because the jury allegedly made a mathematical error in awarding damages. The jury foreman stated in an affidavit filed in support of defendant's motion for new trial, that:

[I]n determining the amount of damages to be awarded the plaintiffs against the defendant Ned L. Sullivan, a mistake was made in the sum of five thousand dollars. This resulted from the mistaken suggestion that the difference between the value of the house as a duplex and as a single-family residence was $18,000.00, which was arrived [at] by deducting the value of a single-family residence of $65,-000 from the value of the property as a duplex which was $78,000.00.

. . . Shortly after the erroneous verdict was given to the Court, I realized that an error had been made and I contacted my attorney, . . . and I requested that he communicate the information to the respective attorneys and/or parties involved, which was done.

Rule 59(a)(2) of the Utah Rules of Civil Procedure authorizes a jury verdict to be impeached by the affidavit of a juror based on certain narrowly defined grounds of jury misconduct. This Court has interpreted Rule 59(a)(2) to allow an affidavit by a juror to impeach the verdict only when the verdict was determined by chance or bribery. *Groen v. Tri-O-Inc.*, Utah, 667 P.2d 598 (1983); *Smith v. Barnett*, 17 Utah 2d 240, 408 P.2d 709 (1965). *See Johnson v. Simons*, Utah, 551 P.2d 515 (1976); *Stringham v. Broderick*, Utah, 529 P.2d 425 (1974).

The reasons for limiting the circumstances when a juror's affidavit may be used to impeach his verdict were explained in *Wheat v. Denver & R.G.W.R. Co.*, 122 Utah 418, 428–29, 250 P.2d 932, 937 (1952):

To permit litigants to get jurors to sign affidavits or testify to matters discussed in connection with their functions as jurors would open the door to inquiry into all manner of things which a losing litigant might consider improper: misconceptions of evidence or law, offers of settlement, personal experiences, prejudice against litigants or their causes or the classes to which they belong. It would be an interminable and totally impracticable process. Such post mortems would be productive of no end of mischief and render service as a juror unbearable. If jurors were so circum-

scribed in their deliberations, it is likely that judge and counsel would have to be present in the jury room attempting to monitor and regulate their thought and discussions into approved channels. Fortunately, jurors are under no such limitation, but are allowed freedom in their deliberations.

■ The defendant also argues that the trial court erred in denying his motion for a new trial for failing to give the jury additional instructions after it transmitted the following question to the trial judge:

If we conclude that there has been negligence on both parties, Ned Sullivan and Ben Stout Realty, can we divide the liability between the defendants in each case?

The response formulated to the above question was:

The question seems to relate to the second case. Under the legal theory involved in the second case, you should not divide liability, but should find for one or the other. Perhaps a re-reading of your instructions and verdicts would assist you.

The defendant, for the first time on appeal, argues that the trial court should have given an instruction relating to comparative negligence. In determining how to respond to the jury's question, the trial court consulted all the parties, and they agreed to the above response. Defendant's contention is meritless.

■ Defendant's final contention is that the trial court erred in instructing the jury that under the earnest money contract, the prevailing party would be entitled to attorney's fees. Since we have already decided that the plaintiffs did allege breach of the earnest money agreement and presented sufficient evidence to sustain a jury finding of breach of contract, the plaintiffs are entitled to attorney's fees.

Plaintiffs seek reasonable attorney's fees expended for this appeal. In recent cases we have adopted as a "rule of law that a contract provision for payment of attorney's fees includes attorney's fees incurred on appeal as well as at trial, if the action is brought to enforce the contract ...." *Management Services Corp. v. Development Associates,* Utah, 617 P.2d 406, 409 (1980). *Accord Alexander v. Brown,* Utah, 646 P.2d 692 (1982); *Nielsen v. Chin-Hsien Wang,* Utah, 613 P.2d 512 (1980). *See also Edwards' Pet Supply v. Bentley,* Utah, 652 P.2d 889, 890 (1982). Accordingly, we remand for a determination of reasonable attorney's fees for this appeal.

■ The plaintiffs also claim that the damage award should be increased by $4,027.00 to compensate the plaintiffs for the cost of converting the duplex to a single family rental. The jury verdict is dispositive of the damage claims in this case.

The judgment is affirmed and the case remanded to the trial court for a determination of reasonable attorney's fees on appeal. Costs to respondents.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.